## LONAS v. NATIONAL LINEN SERVICE CORPORATION.

### No. 9414.

Circuit Court of Appeals, Sixth Circuit.

June 24, 1943.

W. O. Lowe, of Knoxville, Tenn., for appellant Lonas.

Cecil Sims, of Nashville, Tenn., and Stanley I. Posner, of Washington, D.C., for amici curiae and appellee.

Herbert J. Haas and Sol I. Golden, both of Atlanta, Ga., and Ben R. Winick and Joel H. Anderson, both of Knoxville, Tenn., for appellee National Linen Service Corporation.

Irving J. Levy and Bessie Margolin, both of Washington, D.C., Jeter S. Ray, of Nashville, Tenn., Morton Liftin, of Washington, D. C., and George L. Clarke, of Baltimore, Md., for Administrator, Wage & Hour Division, U. S. Department of Labor, amicus curiae.

Posner & Fox, of Washington, D.C., for Linen Supply Ass'n of America, amicus curiae.

Cecil Sims, of Nashville, Tenn., for American Institute of Laundering, amicus curiae.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

In a suit by an employee of the appellee to recover for herself and others similarly situated, unpaid minimum wages and overtime compensation as permitted by § 16(b) of the Fair Labor Standards Act, 29 U.S. C.A. § 201, the narrow question is presented whether their employer is a service establishment exempt from the requirements of the Act by § 13(a) (2). The court dismissed the complaint on the ground that the pleaded facts, accepted as true, show that the defendant is a service establishment, the greater part of whose servicing is in intrastate commerce, and §§ 6 and 7 of the Act therefore have no application to its employees. The plaintiff's appeal was supported by a brief and argument for the Administrator of the Wage and Hour Division and the decision by briefs and arguments for national associations in the industry, as amici curiae.

The appellee corporation has its main office in Atlanta, Georgia, where it purchases and manufactures linen supplies

(such as towels, nurses' and other uniforms, bus seat covers, pillow cases, hospital linens) and toilet articles which it rents to customers through branches located in various states. Each branch maintains a plant where soiled linens, collected regularly by trucks from its customers, are washed, ironed, and wrapped for delivery. The appellant and others were employed at appellee's Knoxville, Tennessee, plant where they ironed, wrapped, and otherwise worked on articles rented by customers, 20% of whom are located in Virginia and Kentucky and the balance in Tennessee. 60% of the customers are industrial or business concerns as distinguished from private families or individuals; 5% are interstate carriers.

Section 13(a) (2) exempts from the minimum wage and over-time compensation provisions of the Act contained in §§ 6 and 7, the following: "Any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce."

The Administrator, basing his argument upon Interpretative Bulletin No. 6 issued December, 1938 and revised June, 1941 by the Wage and Hour Division of the United States Department of Labor, contends that the exemptions in § 13(a) (2) are limited to establishments retail in character whether they sell goods or services. This view is based upon what he conceives to be the implications to be drawn from the legislative history of the Act and the grammatical construction of the exemption section. Since the related terms are coupled in the same sentence and are used in the disjunctive with the terms "retail" and "service" both modifying the word "establishment," they refer to employers who deal directly with private consumers as distinguished from commercial and industrial customers. In other words, the service establishment exemption extends only to those establishments having the characteristic of retail stores, and the defendant's business is not a retail service establishment because 60% of its customers are industrial or business concerns.

■ We find no support for this interpretation in the language of the exemption section. Two enterprises are therein exempted, one a retail establishment and the other a service establishment, the exemption of each subject to the condition that in the case of the retail establishment the greater part of its selling must be in intrastate commerce, and in the case of a service establishment, the greater part of its servicing must be in intrastate commerce. Had the Congress intended to limit the exemption of service establishments to those which perform services for private individuals as distinguished from business enterprises, it would have had little difficulty in clearly expressing such purpose.

■ Linen supply companies and laundries have long been regarded and classified as local service enterprises by Federal Departments and Agencies, as well as by trade associations and the public. The 1939 Census included linen supply services in its classification of service establishments without differentiation in respect to the character of customers. To read into the exemption clause phrasing that would limit it to services performed for private individuals in their homes, would merit the condemnation expressed in the principal case relied upon by the Administrator. A. B. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638. There, on page 522, of 316 U.S., page 1119 of 62 S.Ct., 86 L.Ed. 1638, it is said: "when the federal government takes over such local radiations in the vast network of our national economic enterprise and thereby radically readjust the balance of state and national authority, those charged with the duty of legislating are reasonably explicit and do not entrust its attainment to that restrospective expansion of meaning which properly deserves the stigma of judicial legislation."

■ The exemption section being without ambiguity, we find no occasion to resort to extrinsic aids to construction, though it may be said in passing that even though we were to consider the legislative history of the section as reviewed by each of the litigants, it would be far from clear that the Congress intended anything other than what it clearly expressed. Nor do we think that the court was premature in dismissing the action without receiving proofs in support of the complaint. The allegations originally were silent as to the interstate extent of the defendant's servicing, and alleged that but 25% thereof was rendered to industrial and commercial customers as distinguished from private families or individuals. An amendment several months later charged that 20% of the appellee's servicing was to customers in the state of Kentucky and the state of

Virginia, and 60% to industrial and business concerns. It must be assumed that proofs would not expand the allegations of the amended complaint and further amendment was not requested even in the face of the motion to dismiss.

The decree is affirmed.