**NATIONAL LABOR RELATIONS BOARD, Petitioner, v. AIRESEARCH MANUFACTURING COMPANY OF ARIZONA, Inc., Respondent.**

No. 10922.

Circuit Court of Appeals, Ninth Circuit.

Dec. 4, 1944.

Malcolm F. Halliday, Associate Gen. Counsel, NLRB, of Washington, D.C., for petitioner.

H. W. Elliott, of Los Angeles, Cal., for respondent.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

PER CURIAM.

Upon petition of the National Labor Relations Board for entry of a decree enforcing its order herein, respondent consenting to entry of such decree and good cause therefor appearing, ordered petition granted and decree filed and entered enforcing the order of the NLRB and that a certified copy of such decree be forthwith issued to the respective parties.

**ROCKTON & RION RAILROAD (Railway), a Corporation, Appellant, v. L. Metcalfe WALLING, Administrator of the Wage and Hour Division, United States Department of Labor, Appellee.**

No. 5281.

Circuit Court of Appeals, Fourth Circuit.

Dec. 11, 1944.

J. M. Hemphill, of Chester, S. C. (Paul Hemphill, of Chester, S. C., on the brief), for appellant.

George M. Szabad, Atty., U. S. Department of Labor, of Washington, D. C. (Douglas B. Maggs, Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., George A. Downing, Regional Atty., of Atlanta, Ga., and Albert A. Spiegel, Atty., U. S. Department of Labor, of McKeesport, Pa., on the brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

This is an appeal from a decree enjoining the Rockton & Rion Railroad from violating the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The defendant is a railroad twelve miles long lying wholly within Fairfield County, S. C., and connecting with the lines of the Southern Railway Company. Its stock is owned by those who are interested in granite quarries operating along its lines, and its principal business is transporting granite produced in these quarries, a considerable portion of which moves over the lines of the Southern Railway Company in interstate commerce. It had been held by the Interstate Commerce Commission not to be a common carrier by railroad engaged in interstate commerce within the meaning of Part I of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., but in so far as interstate commerce is concerned, to be a plant facility not subject to the provisions of the Act. Rockton & Rion Railway, Proposed Acquisition and Operation, 189 I.C.C. 545; Weston & Brooker Co. et al. v. Southern Railway Co. et al., 243 I.C. C. 105. The court below, in an able and exhaustive opinion, set forth the facts at length and held that the employees of the railroad were engaged in commerce and in the production of goods for commerce within the meaning of the Fair Labor Standards Act, and that they were not exempted from its provisions by reason of section 13(b), exempting employees of an employer subject to the provisions of Title I of the Interstate Commerce Act. We concur in the reasoning as well as in the conclusions of the judge below, and his opinion is adopted as the opinion of this court. See Walling v. Rockton & Rion R. R., D. C., 54 F.Supp. 342.

Affirmed.