### LESSER v. SERTNER'S, Inc.
No. 102, Docket No. 20783.

Circuit Court of Appeals, Second Circuit.

Feb. 18, 1948.

472

Michael M. Platzman, of New York City (Benedict Ginsberg, of New York City, of counsel), for appellant.

Max R. Simon, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Lesser, the plaintiff, was employed by Sertner's, Inc., from January 2, 1940 to March 17, 1944. Thereafter he brought suit for overtime compensation under section 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207, and obtained the judgment from which Sertner's has appealed. The questions raised by the appeal are, first, whether Lesser's work brought him within section 7 as an employee "engaged in commerce or in the production of goods for commerce," and, second, if it did, whether he was exempted by section 13(a) (2), 29 U.S.C.A. § 213(a) (2), which makes the provisions of sections 6 and 7 inapplicable to "any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce." The district court answered the first question in the affirmative and the second in the negative.

The first answer was plainly correct. Sertner's was engaged in the business of cleaning, renovating and repairing upholstered furniture, draperies, curtains, rugs and carpets. To a small extent it was engaged in interstate commerce. It operated trucks to pick up goods from its customers, bring them to its premises in Manhattan and redeliver them to the customers after the work on them was completed; about two per cent. of the goods were delivered to customers outside the state of New York. As receiving and shipping clerk Lesser handled all goods brought to his employer's premises. One department of the business was the cleaning of rugs. The actual work of cleaning them was done by a subcontractor, Lincoln Rug Co., located in East Newark, New Jersey. The rug company's trucks made daily trips between Manhattan and East Newark transporting the rugs to be worked on and returning the cleaned rugs. Lesser's activities in connection with the rugs which came into the premises of Sertner's and were then delivered by truck to New Jersey and later returned to Sertner's consumed several hours of his working time each day during the entire period of his employment. The district court made a finding that a substantial portion of plaintiff's activities were directly related to the movement of the aforementioned rugs in interstate commerce. This finding, which is supported by the evidence, brings the plaintiff within section 7 of the Act as an employee "engaged in commerce."[1] Walling v. Jacksonville Paper

---

[1] The fact that Sertner's business with the Lincoln Rug Co. was only about $5600 a year, while its total yearly business ranged between $106,000 and $158,-

Co,. 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460; Skidmore v. John J. Casale, Inc., 2 Cir., 160 F.2d 527, 530. It is unnecessary to consider whether he was also engaged "in the production of goods for commerce."

Less easy of solution is the second question, namely, whether Lesser is exempted by section 13(a) (2) as an "employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce." This exemption has been narrowly construed, the word "service" being held to mean "retail service" because of the proximity of the two words and the legislative history and administrative interpretation of the section. This court suggested as much in Fleming v. Arsenal Bldg. Corporation, 2 Cir., 125 F.2d 278, 280, affirmed sub nom. Kirschbaum Co. v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638; and the question was authoritatively settled in Phillips Co. v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, 157 A.L.R. 876, and Roland Co. v. Walling, 326 U.S. 657, 66 S.Ct. 413, 90 L.Ed. 383. See also Phillips v. Star Overall Dry Cleaning Laundry Co., 2 Cir., 149 F.2d 416, certiorari denied sub nom All Service Laundry Corporation v. Phillips, 327 U.S. 780, 66 S.Ct. 677, 90 L. Ed. 1008. In the light of these authorities the district court concluded that the appellant's business was not a retail service establishment.

In reaching this conclusion the court stressed the fact that the conduct of the business was not designed to attract the attention of the consuming public in the manner usually associated with retail establishments, and did not have any of the characteristics "epitomized by the corner grocery, the drug store and the department store."[2] Sertner's occupied the entire twelfth floor of a loft building located in a factory neighborhood. The customer whose goods were cleaned and processed rarely came to the premises. It employed about twenty employees, but had no sales clerk to wait on trade, and no display windows to attract the patronage of the general public; the articles customers wished to have cleaned or otherwise worked on were brought to the premises by its trucks. Four or more outside salesmen were employed to solicit business and its customers included furniture dealers, trade shops, interior decorators, department stores, commercial consumers and institutions, as well as occupants of private residences. About 83 per cent. of its business came from private residences. Approximately one-third of this was procured through interior decorators who were solicited to recommend Sertner's to their clients and were paid a 10% commission on the business so obtained. On its own premises Sertner's only cleaned, renovated and repaired upholstered furniture, the greater part of the work for its customers being performed by subcontractors employed by it for this purpose.

It is true, as the foregoing facts show, that the appellant's business was not conducted in a manner characteristic of the small retail store, nevertheless we think it should be held to come within the exemption of section 13(a) (2). As we read the authorities, the test of whether the local merchant or purveyor of service is operating a retail establishment is the type of customers he has; the volume of his business, the number of his employees or the manner in which trade is attracted and customers obtained is not material. If the customers are "ultimate consumers" of the goods sold or serviced locally, the establishment is retail. As Mr. Justice Burton stated in Roland v. Walling, 326 U.S. 657, 666, S.Ct. 413, 417, 90 L.Ed. 383, "the exemption reaches employees of only such retail or service establishments as are comparable to the local merchant, corner groc-

000, is of no importance. The statute makes no distinction on the basis of volume of the employer's interstate business. Mabee v. White Plains Pub. Co., 327 U.S. 178, 181, 66 S.Ct. 511, 90 L.Ed. 607. The applicability of the Act depends on the character of the employee's work. Kirschbaum Co. v. Walling, 316 U.S. 517, 524, 62 S.Ct. 1116, 86 L.Ed.

1638. Since Lesser devoted a "substantial" portion of his time to the movement of goods across state lines, he was "engaged in commerce." Skidmore v. John J. Casale, Inc., 2 Cir., 160 F.2d 527, 530.

[2] Phillips Co. v. Walling, 324 U.S. 490, 497, 65 S.Ct. 807, 89 L.Ed. 1095, 157 A. L.R. 876.

er or filling station operator who sells to or serves ultimate consumers who are at the end of, or beyond, that 'flow of goods in commerce' which it is the purpose of the Act to reach."[3] And in 326 U.S. at page 671, 66 S.Ct. at page 419, 90 L.Ed. 383, he explains that the purpose of the exemption was to make plain that when a local merchant sells to customers for their own consumption goods which the merchant may have purchased outside the state, the Act was not to be applied to his employees on the theory that such goods were still within the stream of interstate commerce when the retail sale was made. Hence the employees of a retail grocer who sells only to individual householders would not fall outside the exemption because the volume of his business was large and his customers numerous, or because orders were accepted on credit and deliveries made by truck instead of being a cash sale over the counter.[4] Similarly a laundry company which picks up soiled clothes at private homes, transports them to its local plant for washing and redelivers the cleaned clothes to their owners is no less within the exemption than the Chinese laundryman whose customers must bring in and call for their own parcels. In either case the business is local and the goods with respect to which the service is performed are not within the flow of interstate commerce. That the appellant operated a service establishment the greater part of whose servicing is in intrastate commerce is indisputable. With respect to customers who were occupants of private residences it was a retail service establishment under the test above discussed. The fact that the greater part of the work done for its customers was let out to subcontractors whom it employed for that purpose is, in our opinion, irrelevant under that test. Not all of the appellant's business, however, was retail; only about 83 per cent. came from private residences; the other 17 per cent. we will assume was not done with "ultimate consumers" because the customers were furniture dealers, department stores, etc.[5] When an establishment makes some non-retail sales, the Administrator has ruled that it will nevertheless be considered a retail establishment unless the gross receipts from non-retail sales constitute more than 25 per cent. of the total gross receipts of the establishment.[6] Although 83 per cent. of the appellant's total gross receipts were derived from retail sales of services to occupants of private residences, the district court thought the appellant was not within the required percentage because approximately one-third of the business with private residences was procured upon the recommendation of interior decorators who were paid a commission on the business so obtained; he considered such business non-retail, with the result that the total non-retail business was about 45 per cent. of the gross receipts of the establishment. We are unable to agree with this view. Whether the business with private residential customers was obtained by the efforts of appellant's outside salesmen, by newspaper

[3] The Administrator defines a "retail sale" as "a sale of goods for direct consumption and not for purposes of resale or redistribution in any form," and a "retail establishment" as one selling "goods to private individuals for personal or family consumption." Interpretative Bulletin No. 6 of the Wage and Hour Division of the Department of Labor, Paragraphs 12, 14.

[4] See Phillips Co. v. Walling, 324 U.S. 490, 496, 65 S.Ct. 807, 89 L.Ed. 1095, 157 A.L.R. 876, where the company's business is referred to as "composed of 49 retail establishments and a single wholesale establishment." Employees of the warehouse and central office were held subject to the Act. Apparently employees of the retail stores had been considered exempt. See the District Court opinion, 50 F.Supp. 749, 752; affirmed, 1 Cir., 144 F.2d 102. See also Interpretative Bulletin No. 6 of the Wage and Hour Division of the Department of Labor, Paragraph 37.

[5] Whether any of this group of customers was engaged in interstate commerce or in the production of goods for such commerce does not appear. There were no large accounts; one was for $1,000, a few for as much as $400, and the great bulk were under $100.

[6] Interpretative Bulletin No. 6 of the Wage and Hour Division of the Department of Labor, Paragraph 18. Such an interpretation is not lightly to be disregarded. Roland Co. v. Walling, 326 U.S. 657, 676, 66 S.Ct. 413, 90 L.Ed. 383.

advertising, or through the recommendation of decorators (paid or unpaid) seems to us immaterial. However the customer was obtained, he purchased from Sertner's the service he desired and was the "ultimate consumer" of the goods with respect to which the service was rendered.

For the foregoing reasons we are of opinion that the plaintiff was within the exemption of section 13(a) (2) of the Act. Accordingly the judgment is reversed and the cause remanded for dismissal of the complaint.