**COAST VAN LINES, Inc. v. ARMSTRONG et al.**

No. 11635.

Circuit Court of Appeals, Ninth Circuit.

April 26, 1948.

Rehearing Denied June 25, 1948.

John W. Preston and Prentiss Moore, both of Los Angeles, Cal., for appellant.

Charles E. Beardsley, Herbert V. Walker and Perry Bertram, all of Los Angeles, Cal., for appellee.

Before MATHEWS, BONE and ORR, Circuit Judges.

ORR, Circuit Judge:

This is a suit for overtime compensation and liquidated damages under §§ 7 and 16 of the Fair Labor Standards Act, 29 U.S. C.A. §§ 207, 216.

The appellant, Coast Van Lines, Incorporated, is engaged in the business of packing, crating, storing, shipping and handling goods, wares and merchandise, particularly household goods and furniture. It is conceded that 55⅓% of appellant's business is intrastate and 44⅔% interstate. Appellees were employed by appellants in the capacity of packers, craters, warehousemen, weighers, and sometimes in a combined capacity which included occasional driving. Appellees are admittedly "engaged in commerce or in the production of goods for commerce" within the meaning of the Fair Labor Standards Act and may invoke the provisions of the Act unless they fall within one of its exemptions.

The following questions are presented:

1. Are appellees exempt from the overtime provisions of the Fair Labor Standards Act under § 13(a) (2), 29 U.S.C.A. § 213, (a) (2), which makes said provisions inapplicable to "any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce."

2. Are appellees exempt from the overtime provisions of the Fair Labor Standards Act under § 13(b) which makes said provisions inapplicable to any "employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304, Title 49."

During the period in question approximately one-half of appellant's business consisted of the transportation of goods belonging to Navy personnel in accordance with a contract negotiated with the Navy Department. Under said contract appellant agreed to devote 100 per cent of its man-hours and facilities to the Navy work if called upon to do so. The transportation of the goods belonging to the Navy personnel was paid for by the Navy Department, and the fees charged were different from those charged the individual customer.

The history of § 13(a) (2) indicates said amendment was intended to exempt employees of the corner grocery, butcher, dry goods and department store. The intention to exclude from the operation of the Fair Labor Standards Act the local retailer is apparent from a consideration of the congressional debates and hearings conducted prior to the passage of the Act. As Mr. Justice Jackson, then Assistant Attorney General, stated during the hearings, the Act was not intended to apply to the retailer, filling station attendant and pants presser. In the early congressional debates and hearings, no reference may be found to "service" establishments as such, but in the Conference Committee Report of June 1938, an exception was extended to "any employee engaged in any retail or service establishment, the greater part of whose selling or servicing is in intrastate commerce". H.Rept. 2738, 75th Cong., 3d. Sess.1938. The inclusion of the words "service" and "servicing" resulted obviously from a recognition of the fact that there were many local purveyors of services, as distinguished from goods, whose business was likewise conducted directly with the consuming public, such as the barber shop, beauty parlor and tailor shop. The reasonable conclusion to be drawn from the history is that Congress did not intend to exempt employees of all sellers of services, but only of those establishments whose business was analogous to the local retailer. In short, the word "service" means in effect "retail service". Fleming v. Arsenal Building Corp., 2 Cir., 125 F.2d 278; Lesser v. Sertner's, Inc., 2 Cir., 166 F.2d 471.

Appellant is not a retailer of goods. The question is then narrowed to whether it is a retail service establishment "the greater part of whose selling or servicing is in intrastate commerce". Approximately 50% of appellant's business was purchased and paid for by the Navy Department. The price paid was not the ordinary "retail" price, but a special price based in reality upon the wholesale aspect of the business. Appellant, in the real sense, did

not deal directly with the consuming public when it carried the goods of Navy personnel pursuant to the Navy contract. Although the arrangements in the individual case may have been made by the personnel, the negotiation of the terms of the transportation had been conducted by the Navy Department. Moreover, by obligating itself to devote its entire time to the transportation of goods belonging to Navy personnel, appellant agreed to withdraw completely from the business of dealing with the consuming public if the demands of the Navy required.

We think our conclusion is fortified by Wage and Hour Release T-31, cited by appellant and appellees, which release contains a discussion of the status of furniture warehousemen under the Fair Labor Standards Act. The release states that warehouse establishments are "service" establishments within § 13(a) (2) if they are local in character, are open to the general consuming public, and usually render service to private individuals in small quantities for private use, and at retail price. Appellant's business does not come within this definition.

True, a substantial part of appellant's business consists of rendering service to private individuals. The administrator has ruled that the exemption will only apply where at least 75% of the total business is retail. Int.Bulletin 6 of the Wages and Hour Div. of the Department of Labor; Lesser v. Sertner, supra. In the instant case, approximately 50 per cent of appellant's business is conducted pursuant to the Navy contract. This is non-retail service, not within the exemption.

We now consider whether appellees are exempted under § 13(b) (1) which makes inapplicable the minimum wage and overtime provisions of the Fair Labor Standards Act to employees with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of § 304, Tit. 49 U.S.C.A.

The position of appellant on this question is that a substantial part of appellees' duties affected safety of operations in interstate commerce, which brought them under the jurisdiction of the Interstate Commerce Commission and thereby exempted said employees from the provisions of the Fair Labor Standards Act. Appellant had the burden of establishing, by a preponderance of the evidence, that appellees fell within the exemption. Rockton and Rion R. R. Co. v. Walling, 4 Cir., 146 F.2d 111; Helliwell v. Haberman, 2 Cir., 140 F.2d 833. Evidently the trial court did not believe appellant had met this burden. We are unable to ascertain from the record what percentage, if any, of appellees' activities affected safety of operations in interstate commerce. It is true, as appellant contends, that the Supreme Court held in Morris v. McComb, 332 U.S. 422, 68 S.Ct. 131, that employees of a carrier were exempt under § 13(b) of the Fair Labor Standards Act, if only 4% of their activities affected safety of operations in interstate commerce. Nevertheless, appellants had the burden of proving the quantum of their employees' activities which affect safety of operations in interstate commerce. Some evidence appears to the effect that some of the appellees occasionally loaded and drove trucks and vans. If it can be assumed that such loading and driving affected safety of operations, there remains a failure to establish the percentage of loading and driving performed in interstate commerce. Appellant was prevented from producing this evidence because of the loss of the greater part of its records by fire. Evidence of the number of trips in interstate and intrastate commerce made by six of the appellees during the month of July 1945 appears. However, it does not follow that the percentages thus obtainable should be applied indiscriminately to all the work performed by appellees during the entire period in controversy.

Appellant has requested this court to grant relief under §§ 9 and 11 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. §§ 258, 260. Section 9 provides that no employer shall be liable for failure to pay minimum wages and overtime compensation "if he pleads and proves that the act or omission complained of was in good faith." Appellant failed to plead good faith as a defense; we are therefore un-

able to consider it. Section 11 vests discretion in the trial court relative to awarding liquidated damages under § 16(b) of the Fair Labor Standards Act. The trial court in the instant case has had no opportunity to exercise that discretion, the judgment having been rendered prior to the enactment of the Portal-to-Portal Act. The cause is remanded in order that the District Court may take such action, if any, as it deems proper under § 11 of the Portal-to-Portal Act. With this exception the judgment is affirmed.