814

**BLOEMER et al. v. EZELL et al.**
Civ. No. 2140.

United States District Court
W. D. Kentucky, Louisville.

July 17, 1953.

Edwin A. Rausch, Louisville, Ky., for plaintiff.

Robert E. Hogan, Louisville, Ky., for defendants.

MARTIN, Circuit Judge (sitting by designation).

Findings of Fact

I.

The defendants Fanny M. Ezell and Madolene Smalley, partners, doing business as

Louisville Secretarial Service, conducted during the period involved herein the business of receiving and transmitting telephone messages, a substantial number of which were regularly and recurrently received and transmitted in interstate commerce.

## II.

Defendants had no switchboard for the reception of calls, but maintained in their small office a telephone instrument for each subscriber. Connected to such instruments were lights which flashed when the respective telephones rang; whereupon the employees of defendants answered the telephone by giving either the number or the name of the subscriber as was desired by the latter. Messages received were transcribed on blank forms and either delivered later to the subscriber, or re-transmitted immediately by separate telephone call to the subscriber or to persons designated by the subscriber.

## III.

The number of interstate calls, as estimated by the plaintiff's testimony and that of defendants, was at wide variance, neither side offering any record or other documentary evidence upon the subject. But, whatever the percentage of interstate calls may have been, such calls were regular, recurrent and anticipated part of the business of defendants.

## IV.

The business of defendants is not regulated by the Kentucky Public Service Commission as a public utility, their business not being public in nature. They assume no obligation to render service to all applicants, and could discontinue the service to any of its subscribers. The rate charged the subscribers varied with the number of calls received. Such calls were received and transmitted by defendants over equipment owned and operated by Southern Bell Telephone and Telegraph Company.

## V.

The question of whether the furnishing of the telephone answering service was a retail service was never discussed among the parties, nor with subscribers. The defendants paid no retailer's tax to the State of Kentucky, or to the City of Louisville.

## VI.

The plaintiff, Edna W. Bloemer, worked a total number of 719 hours for the defendants and received a total gross salary of $379.44. Of the hours worked by her, 571 were regular time and 148 hours were overtime. Her gross salary for hours worked should have been $594.75. If entitled to a recovery, the amount due her would be $215.31, without the allowance of any liquidated damages.

## VII.

The plaintiff, Norma J. George, worked a total number of 262½ hours for the defendants and received a total gross salary of $143.50. Of the hours worked by her, 222 were regular time and 40½ hours were overtime. Her gross salary for hours worked should have been $212.06. If entitled to a recovery, the amount due her would be $68.56, without the allowance of any liquidated damages.

## VIII.

The plaintiff, Anabelle Marsh, worked a total number of 56 hours for the defendants and received a total gross salary of $14.30. Of the hours worked by her, 40 were regular time and 16 hours were overtime. Her gross salary for hours worked should have been $48. If entitled to a recovery, the amount due her would be $33.-70, without the allowance of any liquidated damages.

## IX.

The evidence shows no lack of good faith by defendants in believing that they were not acting in violation of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., there being no prior decision of the exact nature of this case to guide them.

### Conclusions of Law.

## I.

The defendants, in conducting the Louisville Secretarial Service, fall within the purview and coverage of the Fair Labor Standards Act, as amended, 29 U.S.C.A. § 201 et seq. See Wood v. Central Sand & Gravel Co., D.C.W.D.Tenn., 33 F.Supp. 40.

## II.

The exemption from the coverage of the Act defined in section 213(a)(2) is inapplicable to the business operations of the defendants, inasmuch as their business is neither a "service establishment", as contemplated by the section, nor a "retail establishment" as contemplated by the foregoing section of the Fair Labor Standards Act, exemptions from the Act must be narrowly construed; the burden rests on the party claiming the exemption to bring himself within its definition; and great weight is to be accorded the interpretation of the Act as made by the Wage and Hour Administrator, which, in the instant case, favors the position of the plaintiffs. See Roland Elec. Co. v. Walling, 326 U.S. 657, 667, 66 S.Ct. 413, 90 L.Ed. 383; Phillips Inc., v. Walling, 324 U.S. 490, 493, 65 S.Ct. 807, 89 L.Ed. 1095; Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124; Walling v. General Industries Co., 6 Cir., 155 F.2d 711; Wood v. Central Sand & Gravel Co., supra. Two opinions of the Court of Appeals for the Sixth Circuit are regarded as distinguishable on the facts; but, if in point, have been repudiated in Roland Elec. Co. v. Walling, supra: Lonas v. National Linen Service Corporation, 6 Cir., 136 F.2d 433; and West Kentucky Coal Co. v. Walling, 6 Cir., 153 F.2d 582. Opinions of two other Courts of Appeals are considered distinguishable from the case at bar: Lesser v. Sertner's, Inc., 2 Cir., 166 F.2d 471; Bogash v. Baltimore Cigarette Service, 4 Cir., 193 F.2d 291.

## III.

The exemption from the coverage of the Fair Labor Standards Act defined in 213(a)(11) is inapplicable to the business operation of the defendants, inasmuch as they operated no telephone switchboard and were not conducting a public telephone exchange. Schmidt v. Peoples Telephone Union of Maryville, Missouri, 8 Cir., 138 F.2d 13.

## IV.

The defendants have violated the Fair Labor Standards Act in failing to pay the minimum regular and overtime wages provided therein to the plaintiffs in this action. From the evidence, the conclusion is drawn that the defendants, as employers, acted in good faith and had reasonable grounds for believing that their acts or omissions were not in violation of the Fair Labor Standards Act of 1938, as amended. Wherefore, no liquidated damages should be awarded. See section 260, Title 29 U.S. C.A.

## V.

Judgments shall be entered against the defendants, jointly and severally, in favor of Edna W. Bloemer, for $215.31; in favor of Norma J. George for $68.56, and for Annabelle Marsh for $33.70.

## VI.

The attorneys for plaintiffs, who have worked laboriously, diligently and effectively in behalf of their clients, cannot be awarded a fee commensurate with the work performed by them, without inflicting real hardship upon the defendants who, in a case of novel impression, have pursued what they considered to be a lawful course. The income from their business is so small that they might actually be put out of business were the fee suggested by attorneys for plaintiffs allowed. Accordingly, judgment will be entered against the defendants, fixing the fee to be paid by defendants to plaintiffs' attorneys in the amount of $250.