Leah MAHONEY

v.

Roberta Bryant MAHONEY, d/b/a Chattanooga Telephone Secretarial Service.

Civ. A. No. 3266.

United States District Court
E. D. Tennessee, S. D.

Sept. 14, 1960.

Morgan & Hunter, Chattanooga, Tenn., for plaintiff.

John I. Foster, Jr., Chattanooga, Tenn., for defendant.

DARR, Chief Judge.

This suit was brought by plaintiff under section 16(b) of the Fair Labor Standards Act seeking to recover minimum and overtime wages claimed under sections 6 and 7.[1]

In October, 1954, the defendant set up in her home the Chattanooga Telephone Secretarial Service, which she attended herself for some eighteen months. This was a telephone answering service and was operated by obtaining customers whose telephones were connected with her answering service office and receiving and transmitting telephone messages. By September, 1956, she had thirty odd customers.

The plaintiff and defendant married brothers.

In 1956 the defendant offered to the plaintiff a position with the answering service and, in addition to a salary, the right of the plaintiff to live in the house where the service was located. The plaintiff began working September 6, 1956 and quit January 6, 1958. Her working hours were during the night.

During the time in question the defendant had an average of approximately eighty customers, about two-thirds of these were for night calls only. The daytime customers paid $12 monthly for each phone and the others paid $16. The defendant had some three or four customers across the line in Georgia (Greater Chattanooga) and numerous long distance calls came through the service. Many of these interstate communications and messages came through at a time when plaintiff was on duty. The defendant did not have more than two employees and the office of the service was located in a dwelling house in a residential area of Chattanooga.

The plaintiff's work was in commerce while employed by the defendant and the plaintiff is entitled to recover unless the defendant's business was exempt under section 13(a) (2) of the Act.[2]

So far as can be found there are only two cases concerned with the exemption of a telephone answering service under section 13(a) (2) and both have held that the exemption does not apply. Mitchell v. Telephone Answering Service, Inc., D.C., 183 F.Supp. 607; Bloemer v. Ezell, D.C., 112 F.Supp. 814.

Prior to the 1949 amendment to the Act there was no statutory definition of a "retail or service establishment". The 1949 amendment to section 13(a) (2) did away with the "business test" rule as an element in defining a retail or service establishment. Under the 1949 amendment there is now a statutory definition.

The Supreme Court in an opinion announced February 23, 1960, in the case of Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 80 S.Ct. 453, 456, 4 L.Ed.2d 393, had this to say concerning the present definition of a "retail or service establishment": In 1949 Congress substituted a three-part definition for this provision. Any employee employed by a retail or service establishment is to be exempt if more than 50% of the establishment's annual dollar volume of sales is made within the State, if 75% of its annual sales volume is not for resale, and if 75% of its annual sales volume is recognized within the industry as retail sales. * * * The three conditions of § 13(a) (2) are explicit prerequisites to exemption, not merely suggested guidelines for judicial determination of the employer's status."

Many courts seem to lump in together (in discussing exemption) a "retail or

---

1. Title 29 U.S.C.A. § 216(b) and sections 206 and 207.

2. Title 29 U.S.C.A. § 213(a) (2).
   "The provisions of sections 6 and 7 shall not apply with respect * * * (2) any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located. A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particlar industry; * * *."

service establishment", as did the Court in Arnold v. Ben Kanowsky, Inc., supra, in the definition quoted. In that case there was a retail establishment but in this case there is a service establishment. The exemptions in section 13(a) (2) have to do with three kinds of businesses: (1) Retail establishment; (2) service establishment; and (3) both retail and service establishments. If there can be said to be a sale of services, it is quite certain there cannot be a retail sale of services or a retail service. All authorities define retail in connection with commodities.

There is no dispute concerning the defendant's business having more than 50% annual dollar volume of income made within the state and having more than 75% whose annual dollar volume of services is not for resale. The only question is whether defendant's business is known in the industry as a "service".

As the word "service" is generally used (performing work for the benefit of another), it is quite plain that a telephone answering service is known in the industry as a service, but this is not a definition of a "service" under the Act. By reason of the rule noscitur a sociis, the Supreme Court has pointed out the meaning of "service" as used in the Act, "This makes it appropriate to restrict the broader meaning of 'service' to a meaning comparable to that given the narrower term 'retail'." Roland Electrical Co. v. Walling, 326 U.S. 657, 675, 66 S.Ct. 413, 421, 90 L.Ed. 383. This case not only defines the word "service" as used by the Act, but recognizes that the word "service" has no connection with "retail sales" or the word "retail".

If the statutory word "recognized" means "avowed knowledge of" and if it be an "explicit prerequisite to exemption" to prove that a service establishment is recognized in the industry under the restricted meaning of service as being comparable to retail, then it is almost sure that no service establishment would be exempt. Barber shops and shoeshine stands are businesses given generally as some of the examples of exempt service establishments. It would hardly seem likely that persons in these industries would ever say or even think these service establishments would be recognized in the industry as comparable to retail sales establishments.

"Recognized in the industry" can be proven objectively for Congress did not intend to eliminate the exemption of service establishments by the 1949 amendment.

■ In determining exemptions, there should be considered all matters of common knowledge, the proof of the general character of the business and any proof concerning how the business is recognized in the industry.

■ The defendant's business is local, is small, serves its customers call by call, and seems to be in all things comparable to retail sales except, in the very nature of the business, it cannot serve the public indiscriminately. But this one element would not take it from the general intent of Congress to exempt a small business that serves individually, thereby making it possible for such small business to operate in the furtherance of government economy and the general welfare.

■ In addition, and perhaps the most controlling part, there was only one witness on the question of whether a telephone answering service is recognized in the industry as being comparable to retail sales. This witness, owned two answering services, was an officer in the trade organization, had visited about 200 answering service establishments and published a paper for the industry. He testified that an establishment like defendant's, a telephone answering service, was "looked upon" in the industry as being retail in nature. This appears to be the strongest proof available and was his opinion based upon his extended connection with the industry. Doubtless he was an interested witness, but his testimony has probative value particularly when not contradicted.

■■ It is true that a claimant has the burden to show exemptions and exemptions are to be narrowly construed

against employers. But it is not intended that an exemption should fail when an employer has submitted all available proof. In this case all available proof (except cumulative) seems to have been presented and there is no proof to the contrary.

The defendant's business is a service establishment exempt under section 13(a) (2) of the Act. The defendant is awarded a judgment.

This memorandum opinion will serve as the findings of fact and conclusions of law.