Roderick A. DeARMENT, Acting Secretary of Labor, United States Department of Labor, Plaintiff,

v.

CURTINS, INC., a corporation doing business as Ambassador Communications and Kenneth Curtins, an individual, Defendants.

Civ. No. 4-90-799.

United States District Court,
D. Minnesota,
Fourth Division.

March 24, 1992.

Marshall J. Breger, Sol. of Labor, John H. Secaras, Regional Sol. and Leonard A. Grossman, Office of the Sol., U.S. Dept. of Labor, Chicago, Ill., for plaintiff.

Daniel J. Boivin, and Meshbesher & Spence, Ltd., Minneapolis, Minn., for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on defendants' motion for summary judgment.

Based on a review of the file, record and proceedings herein, the court denies defendants' motion.[1]

## BACKGROUND

Defendant Curtins, Inc. d/b/a Ambassador Communications ("Ambassador") is a telephone answering service located in Minneapolis, Minnesota. Defendant Kenneth Curtins is the sole shareholder of Ambassador. Plaintiff brings an action pursuant to § 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq.*) ("FLSA"), seeking to enjoin defendants from allegedly violating §§ 7, 11 and 15 of the Act. Defendants contend, however, that they do not fall within the statutory language of FSLA because neither Ambassador nor its employees are engaged in interstate commerce. They specifically contend that Ambassador does not receive, pay for, or place any interstate calls when conducting its answering service and takes messages only after a phone call is received by one of Ambassador's 600 clients, all of whom are allegedly located in Minnesota.

Schneider (USA) Incorporated (hereinafter "Schneider") is one of Ambassador's clients. Plaintiff contends that a review of Schneider's phone bills clearly demonstrates that numerous calls originating outside the State of Minnesota are routinely forwarded to Ambassador. Plaintiff further contends that Schneider's phone bills support the declaration of two former Ambassador employees, Tina Andres ("Andres") and Tabitha Backman ("Backman"), both of whom declared that they received phone calls from outside the State of Minnesota on a daily basis. Andres further declared that on average she placed two to three phone calls per day to Schneider representatives who were located outside the State of Minnesota. Plaintiff thus contends that it is clear that at least two of defendants' employees regularly communicated with individuals outside the State of Minnesota, and that at least one such employee regularly placed calls to locations outside the State of Minnesota. Plaintiff thus contends that defendants are engaged in interstate commerce and that their motion for summary judgment must be denied. Plaintiff further requests the court to rule that all of defendants' employees who regularly receive telephone calls originating in states other than Minnesota are engaged in commerce for purposes of the Fair Labor Standards Act.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which requires that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the

---

**1.** Plaintiff also filed a motion asking leave to file his memorandum in opposition to defendants' motion for summary judgment instanter. Defendants do not oppose that motion. Accordingly, the court grants plaintiff's motion to file its memorandum in opposition to defendants' motion for summary judgment instanter.

nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2551–52. With this standard at hand, the court will consider defendants' motion for summary judgment.

■ Section 7 of FLSA, 29 U.S.C. § 207(a)(1), provides in pertinent part that: (a)(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Section 3 of the Act, 29 U.S.C. § 203(b), defines the term commerce, as used in the Act, as follows:

(b) "Commerce" means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.

There are essentially two bases for coverage under the FLSA, enterprise coverage and individual coverage. Enterprise coverage applies, with certain exceptions not relevant to the present case, only to those businesses that have an annual dollar volume of sales made or business done of not less than $500,000. If a business is subject to enterprise coverage, all of its employees, unless otherwise exempted, are covered by law, regardless of their individual partic-

ipation in interstate commerce. If a business does not meet the requirements for enterprise coverage, individual employees of that business may still be covered under FSLA if those employees meet one or more of the particular tests imposed by law. Moreover, such individuals will be covered regardless of the status of their co-workers because for purposes of individual coverage, it is the activities of the individual employees rather than the business of their employer that is the controlling factor. *E.g., Telephone Answering Serv. v. Goldberg,* 290 F.2d 529, 531 (1st Cir.1961).

Plaintiff contends that on the basis of the information available, it does not appear that defendants' business has an annual dollar volume sufficient to apply enterprise coverage to defendants. Thus, the court must evaluate the activities of defendants' employees in order to determine whether they are subject to individual coverage under the Act. Because defendants assert a blanket denial of coverage, to defeat their motion for summary judgment, plaintiff must show that at least one of defendants' employees may be subject to the Act.

■ Employees of telephone answering services have long been held to be in interstate commerce when out of state messages are relayed. *See, e.g., Bloemer v. Ezell,* 112 F.Supp. 814 (D.Ky.1953); *Schultz v. Conlan,* 60 Lab.Cas. (CCH) ¶ 32,163 (N.D.Fla.1969). Defendants do not deny that employees of Ambassador are in daily telephone communication with individuals outside the State of Minnesota or that their voices are regularly transmitted outside the State of Minnesota in the course of their business. They further admit that telephone calls originating in locations outside of the State of Minnesota are forwarded to their answering service over telephone lines.[2] Moreover, former employee Backman clearly stated in her declaration that she received "at least ten phone calls per day from Schneider representatives in states other than Minnesota." For-

---

2. The court thus concludes that defendants' attempts to focus on the intrastate portion of telephone transmissions to and from Ambassador merely distorts the situation.

mer employee Andres also declared that she received on an average between one and twelve phone calls per night from Schneider representatives in states outside Minnesota and that she placed two or three phone calls per day to Schneider representatives outside the State of Minnesota. The court thus concludes that the voices of such employees are ultimately transmitted over lines in interstate commerce to parties in other states and that without such interstate transmissions and reception of interstate calls, Ambassador would be unable to serve at least one of its major clients. The court further finds that when defendants' employees talk to callers in other states, those employees are "in communication" with the individuals on the other end of the line and thus meet the standard required for coverage under the Act. *See* 29 C.F.R. § 776.10(b).[3] Moreover, at least two of defendants' employees, Backman and Andres, regularly received during their employment telephone calls from individuals outside the State of Minnesota employment and those two employees were thus engaged in two activities covered by the Act: transmission and communication. 29 U.S.C. § 203(b).[4] Because those two employees are subject to individual coverage under the Act, defendants are not exempt from its provisions.

Based on the foregoing, the court concludes that all of defendants' employees who regularly receive or transmit tele-phone calls to persons in states other than Minnesota are engaged in interstate commerce for purposes of the Fair Labor Standards Act and thus defendants' motion for summary judgment must be denied.[5]

Accordingly, IT IS HEREBY ORDERED that defendants' motion for summary judgment is denied.

---

3. That regulation provides that:
   since "commerce" as used in the Act includes not only "transmission" of communications but "communication" itself, employees whose work involves the continued use of the interstate mails, telegraph, telephone or similar instrumentalities for communication across State lines are covered by the Act. This does not mean that any use by an employee of the mails and other channels of communication is sufficient to establish coverage. But if the employee, as a regular and recurrent part of his duties, uses such instrumentalities in obtaining or communicating information or sending or receiving written reports or messages, or orders for goods or services, or plans of other documents across States lines, he comes within the scope of the Act as an employee directly engaged in the work of "communication" between the State and places outside the State.
   29 C.F.R. § 776.10(b) (footnote omitted).

4. The court further concludes that the cases on which defendants rely are inapposite because none of the cases involve either telephone answering services or the covered activities of transmission or communication under FSLA.

5. The court notes that a material fact dispute exists concerning whether any of defendants' employees regularly make telephone calls to persons in states outside of Minnesota. For purposes of denying defendants' motion for summary judgment, it is sufficient that at least two of defendants' employees regularly receive telephone calls from states outside of Minnesota. The court nonetheless determines that to the extent that any of defendants' employees regularly place such telephone calls to states outside of Minnesota, those employees are also engaged in interstate commerce for purposes of the Act.