**Alfred T. SCARMATO, and James A. McGowan, Plaintiffs,**

**v.**

**NORTHERN CALIFORNIA THRIFT CO. et al., Defendants.**

**No. 38303.**

United States District Court
N. D. California, S. D.
June 6, 1960.

Daniel Kass, San Francisco, Cal., for plaintiffs.

Gerald N. Hill, Crimmins, Kent, Bradley & Burns, San Francisco, Cal., for defendants.

ROCHE, District Judge.

Plaintiffs seek to recover compensation for overtime work allegedly performed for defendant employer, Northern California Thrift Co., said compensation alleged to be due and owing under the provisions of the Fair Labor Standards Act of 1938.

From February 13 to September 30, 1958, the period in issue, plaintiffs were employed by defendant as collectors of delinquent accounts. Both were hired by Joseph Marchese, branch manager, who testified that the terms of employment included a 40-hour work week—9 A.M. to 6 P.M. Monday through Friday—and monthly salaries of $400 for Scarmato and $350 for McGowan. McGowan received a $50 per month raise in May and each received a $25 increase on September 1, 1958.

Defendant apparently takes no issue with plaintiff's contention that the latter were engaged in "commerce," as that term is defined in the Fair Labor Standards Act. 29 U.S.C.A. § 203(b). The sole evidence in this regard was plaintiffs' uncontroverted testimony that 20–25% of their collections were out-of-state accounts. In the absence of evidence to the contrary, the court finds that the plaintiffs were engaged in "commerce" during the period in question.

Defendant employer contends that plaintiffs are exempt from the provisions of the Fair Labor Standards Act.

Regulations issued by the Administrator interpreting the statute are generally valid and binding. Craig v. Far West Engineering Co., 9 Cir., 1959, 265 F.2d 251. The employer has the burden of proving the existence of each of the conditions or standards set up in the regulations if he claims that an employee is exempted. Walling v. General Industries Co., 1947, 330 U.S. 545, 67 S.Ct. 883, 91 L.Ed. 1088. Defendant's argument in chief is that plaintiffs are exempt as "administrative" employees. The record reveals that each plaintiff reported directly to Marchese, that neither plaintiff supervised the work of any other employee, and that both were occupied principally with their collection activities, in which they did exercise limited discretion and judgment. There is no evidence that either plaintiff's primary duty was work "directly related to management policies or general business operations" of his employer, nor that he directly assisted an executive, performed specialized or technical work, or executed special assignments.[1] Hence, plaintiffs were not "administrative" employees as defined by the regulations.

Nor are plaintiffs excluded from coverage by reason of the exemption for employees of a "retail or service establishment." 29 U.S.C.A. § 213 (a) (2). It has been determined that small loan companies have a non-exempt status. Aetna Finance Co. v. Mitchell, 1 Cir., 1957, 247 F.2d 190. Defendant contends that Northern California Thrift was not a small loan company but rather an "industrial" loan company. Such a distinction only adds weight to the argument that Northern California Thrift did not do a "retail" business. Aetna Finance Co. v. Mitchell, supra. The Court of Appeals for the Ninth Circuit has interpreted the exemption to exclude only those establishments whose business is analogous to the local retailer. Coast Van Lines v. Armstrong, 9 Cir., 1948, 167 F.2d 705. This exemption, therefore, is not applicable here.

1. Regulation 541.2.

On the other hand, the burden of proving the extent and amount of overtime actually worked is upon the claimant. Plaintiffs recorded their actual hours of work, including overtime, in defendant's time sheets from February 13 to April 23, 1958. There was testimony that on April 24, plaintiffs were told by their supervisors to cease recording hours of overtime work on the time sheets. Each employee testified at trial that he continued to work substantial amounts of overtime but kept no record, although he knew that overtime was no longer being recorded in the time sheets. Except for the period February 13 to April 23, the record does not disclose evidence sufficient to support a just and reasonable inference even approximating the actual amount of overtime worked, if any. The testimony was not convincing in this regard. Anderson v. Mt. Clemens Pottery Co., 1945, 328 U.S. 680, 66 S.Ct. 1187, 90 L.Ed. 1515; Mitchell v. Caldwell, 10 Cir., 1957, 249 F.2d 10; De Pasquale v. Williams-Bauer Corporation, 2 Cir., 1945, 151 F.2d 578. The court finds that plaintiffs have carried only part of their burden.

Defendant's time sheets for the period February 13 to April 23 show that Scarmato worked a total of 76.25 overtime hours and McGowan worked 73.75 overtime hours. Their hourly pay at the time was $2.25 for Scarmato and $1.97 for McGowan. At time and a half for each overtime hour worked and recorded, Scarmato earned $257.34 and McGowan $217.93.

The court may, in its discretion, abstain from awarding liquidated damages if it is satisfied that the employer's act or omission was in good faith and based upon reasonable grounds. 29 U.S.C.A. § 260. Although plaintiffs testified that they were told by their employer they would receive "ample compensation" for their efforts, there is no evidence that employer's representation, or plaintiffs' expectation, was payment of time and a half for "overtime." The record discloses a manifest desire by defendant to comply with the law and furthermore, defendant had "reasonable grounds" for believing that it was not legally obligated to pay. Therefore, plaintiffs are not entitled to receive liquidated damages. Lassiter v. Guy F. Atkinson Co., 9 Cir., 1949, 176 F.2d 984, 21 A.L.R.2d 1313.

It is the conclusion of this court that defendant shall pay $257.34 to plaintiff Scarmato and $217.93 to plaintiff McGowan, and in addition, shall pay an attorney's fee of $150 to plaintiffs' counsel.

The foregoing shall constitute Findings of Fact and Conclusions of Law.