Rodney WHEELER, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 528–82C.

United States Claims Court.

Feb. 3, 1986.

Thomas D. Wise, Santa Barbara, Cal., for plaintiffs.

Robert A. Reutershan, with whom were Asst. Atty. Gen. Richard K. Willard and David M. Cohen, Washington, D.C., for defendant. Joseph G. Lynch, Dept. of the Navy and John Salter, Office of Personnel Management, of counsel.

## OPINION

MOODY R. TIDWELL, III, Judge.

This is a civilian pay case which comes before this court on Plaintiffs' Motion for Summary Judgment and Defendant's Motion to Dismiss. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1491 (1982), alleging that defendant erroneously computed their "regular rate" and "overtime rate" of pay resulting in the underpayment of wages which plaintiffs allege they were lawfully entitled to receive. After a careful examination of the

pleadings and the submitted papers, the court concludes that there are no genuine issues as to any fact material to the question of liability, and that defendant is entitled to a judgment as a matter of law.

## FACTS

Plaintiffs in this action are either current or former federally employed civilian firefighters who are or were based at various military installations throughout the United States, its protectorate territories and certain foreign bases. Since the commencement of this action, more than 2,000 individual firefighters have filed consents with this court to become plaintiffs.

Plaintiffs filed their original Complaint in the United States District Court for the Central District of California on October 9, 1980. That complaint set out four claims. In their first claim, plaintiffs alleged that defendant's method of computing overtime compensation was erroneous, due to an improperly computed "regular rate" of pay, and thus, defendant has failed to pay plaintiffs the required overtime wage of one and one-half times their "regular rate" in violation of sections 7(a) and 7(k) of the Fair Labor Standards Act (hereinafter referred to as FLSA), 29 U.S.C. § 207(a) and § 207(k) (1982). Plaintiffs also alleged that they were entitled to interest, liquidated damages, attorneys' fees and costs under section 16(b) of the FLSA, 29 U.S.C. § 216(b) (1982).[1]

Plaintiffs alleged in their second claim that since October 15, 1977, plaintiffs have been paid less than the applicable minimum wage in violation of section 6 of the FLSA, 29 U.S.C. § 206 (1982).

In their third and fourth claims, plaintiffs alleged that because they had been paid overtime compensation on an incorrect basis, they had been denied equal protection of the laws in violation of the Fifth Amendment as compared to other general schedule employees of defendant.

The parties filed cross-motions for summary judgment in the United States District Court. Defendant's Cross-Motion for Summary Judgment was denied and plaintiffs' Motion for Summary Judgment was granted on their second claim. However, claims one, three and four were found to be within the exclusive jurisdiction of this court. Pursuant to Order of the United States District Court for the Central District of California, plaintiffs' remaining claims were transferred to this court and on February 28, 1983, plaintiffs adopted their original Complaint from the District Court as their Complaint in this court.

On April 21, 1983, plaintiffs moved to retransfer their remaining claims back to the United States District Court for the Central District of California. After hearing oral argument on the motion, this court issued an Order on October 27, 1983, which held that jurisdiction was properly before the United States Claims Court for plaintiffs' first, third and fourth claims and, denied accordingly, Plaintiffs' Motion to Retransfer.

Plaintiffs' first, third and fourth claims are now before this court on Plaintiffs' Motion for Summary Judgment and Defendant's Motion to Dismiss.

## DISCUSSION

The typical general schedule (GS) employee is scheduled for a 40-hour workweek and is on duty for all working hours. In contrast, plaintiffs here typically work six 24-hour shifts, or 144 hours, in every 14-day work period but are on duty for only eight hours of each 24-hour shift. The remaining 16 hours are standby time where the firefighters may do as they please within the confines of the duty area. After recognizing that plaintiffs' work schedule differed from those of typical government employees, Congress enacted 5 U.S.C. § 5545 (1982), which sets forth the compensation for a federally employed firefighter. Under section 5545, a firefighter receives basic pay on a weekly basis, computed by

---

1. This specific request for relief is also made in connection with plaintiffs' second claim.

dividing the yearly GS pay by 2,080 hours,[2] and "premium pay" of up to 25 percent of the basic GS pay. This pay structure, doubled to compensate firefighters for their full 144-hour biweekly work period, existed prior to the FLSA 1974 Amendments mandating overtime compensation rates for federal firefighters.

It was not until the passage of the FLSA Amendments of 1974, Pub.L. 93–259, 88 Stat. 55 (April 8, 1974) that the federal government, as an employer, became subject to the FLSA. Under the FLSA, most federal employees who receive overtime pay are compensated under section 207(a), which provides that no employer shall employ any employees for a longer workweek than 40 hours, unless they receive compensation at a rate not less than one and one-half times the regular rate for such excess hours of work.

However, section 7(k) was added to the FLSA, effective January 1, 1975 for federally employed firefighters, which provided for an exception to section 7(a) for employees of a public agency engaged in fire protection activities. It was codified in 29 U.S.C. as section 207(k) and provided in pertinent part that:

> (k) No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities ... if—
>
> (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed 240 hours; or
>
> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 240 hours bears to 28 days,
>
> compensation at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(k) (1975).

Effective January 1, 1976, "240 hours" in section 7(k) became "232 hours;" on January 1, 1977 "216 hours," and subsequently "212 hours" for 1978 and thereafter.

The legislative history shows that the overtime pay provisions of the FLSA applicable to the federal firefighters differ significantly from the FLSA overtime pay provisions for most other federal employees. For example, federal firefighters were exempted from the overtime pay provisions of the Act prior to January 1, 1975, while other federal employees gained entitlement to overtime compensation after May 1, 1974. Also, section 7(k) of the FLSA adopted a new standard for federal firefighters by enabling the employer to utilize "work periods" of not more than 28 days in determining the firefighters' entitlement to overtime pay, while the general overtime provision requires the computation of FLSA overtime entitlement for each "workweek." Under section 7(k), a firefighter's "overtime" pay is calculated based on tours of duty in excess of a statutorily defined maximum work period, while other federal employees covered by the FLSA are entitled to overtime pay for hours worked in excess of a 40-hour workweek.

Until 1974, the Wage and Hour Division in the Department of Labor had the sole responsibility for administering the FLSA. However, the 1974 amendments provided that the Civil Service Commission (now the Office of Personnel Management) would be responsible for administering the FLSA with respect to most federal employees.[3]

Pursuant to its statutory authority, the Civil Service Commission issued Federal

---

**2.** The number of hours worked in a year during the usual eight hour day, 40 hour workweeks, *i.e.,* 52 weeks multiplied by 40 hours per week.

**3.** The Civil Service Commission was replaced for purposes of the administration of the FLSA

in the federal sector by the Office of Personnel Management (OPM) on January 1, 1979. In the private sector, administrative authority to enforce the FLSA lies with the Department of Labor.

Personnel Manual (FPM) Letter 551–5, entitled "Instructions for Applying the Fair Labor Standards Act (FLSA) to Federal Employees Engaged in Fire Protection Activities or Law Enforcement Activities," dated January 15, 1975. FPM Letter 551–5 included detailed guidelines for computing overtime pay for federal firefighters pursuant to section 7(k) of the FLSA. In implementing its own procedures for complying with the FLSA, defendant followed the instructions contained in FPM Letter 551–5. It is this compliance and computation method which plaintiffs challenge in this action.

I.

In their first claim, plaintiffs contend that FPM Letter 551–5 does not properly implement the provisions of section 7(k) of the FLSA which establishes the FLSA overtime pay entitlement of federally employed firefighters.

Plaintiffs argue that their overtime compensation was not determined in accordance with section 7(k) in two respects. First, plaintiffs' claim that defendant improperly computed their "regular rate" of pay and second, plaintiffs claim that they have been paid only one-half times their regular rate of pay for overtime hours, instead of the one and one-half times their regular rate required by section 7(k). As a result of these alleged violations of the FLSA, the plaintiffs contend that they are entitled to additional overtime compensation.

In order to evaluate plaintiff's claim, it is necessary to examine the parties' differing methods of computation. The court will first review defendant's method of computing regular pay and overtime pay pursuant to FPM Letter 551–5 as promulgated by the OPM, and then review plaintiffs' overtime and regular rate challenges.

Because the FLSA provides that employees must be compensated for overtime at

the rate of one and one-half times their "regular rate," it is necessary to determine an employee's regular rate before computing the amount of overtime compensation due under the FLSA. Section 7(e) of the FLSA defines "regular rate" broadly "to include all remuneration for employment paid to, or on behalf of, the employee," with the exception of certain statutory exclusions. 29 U.S.C. § 207(e) (1982). According to FPM Letter 551–5, Attachment 4, the hourly regular rate is determined by dividing the total remuneration (including premium pay on an annual basis for regularly scheduled standby duty) by the number of hours in the tours of duty. Attachment 2 further provides that the regular rate shall not be less than the statutory minimum pay specified in section 6 of the FLSA, 29 U.S.C. § 206 (1982). Thus, in addition to their basic pay, federal firefighters are entitled to premium pay for duty in a standby status which, by statute, is not to exceed 25% of their basic pay.[4] This formula for computation of the regular rate as contained in FPM Letter 551–5, Attachment 2 is as follows:

$$\text{Regular Rate} = \frac{\text{Total Remuneration for the Work Period}}{\text{Tour of Duty}}$$

Thus, for a GS–4, step 6, firefighter in 1980 (*i.e.*, the grade and level of Mr. Wheeler in 1980), the regular rate would be computed as follows:

$$\frac{\$451.20 \text{ (Basic Pay)} + \$100.80 \text{ (Premium Pay)}}{144 \text{ hours (Two-week tour of duty)}} = \$3.8333/\text{Hr.} \text{ (Regular Rate)}$$

Overtime is mandated by FLSA section 7(k) for all hours over the 108 average prescribed in section 7(k).[5] Section 7(k) requires that the plaintiffs receive compensation for overtime at the rate of at least one and one-half times their regular rate. The OPM has construed this as meaning that when the plaintiffs work overtime, they are to receive as compensation their regular rate plus one-half of their regular rate as follows:

---

4. In count number two, the United States District Court found that some firefighters were receiving pay below the minimum wage, even with the 25% premium or standby pay added to the basis pay.

5. As noted previously, the 108 hour figure was reduced to 106 hours for 1978 and thereafter.

$$\text{Overtime Pay} = \frac{1}{2} \times \text{Regular Rate} \times \text{Overtime Hours}$$

The multiplier of one-half the regular rate is a reflection of the fact that firefighters are already paid under Title 5 of the United States Code independently of the FLSA for each hour of their 144 working hours. Thus, the one-half pay in addition to the regular pay amounts to the one and one-half rate mandated by section 7(k).

Thus, a GS–4, step 6 employee who worked 36 hours overtime in a two-week period (*i.e.*, the number of overtime hours Mr. Wheeler worked during the majority of 1980), would receive:

$$\frac{1}{2} \times \$3.8333 \text{ (Regular Rate)} \times 36 \text{ (Overtime Hrs.)} = \$69.00 \text{ (Overtime Pay)}$$

Thus, the total pay for the employee would be $621.00, computed as follows:

| | |
|---|---|
| Basic Pay | $ 451.20 |
| Premium Pay | 100.80 |
| Overtime Pay | + 69.00 |
| Total Pay | $ 621.00 |

Plaintiffs assert that the OPM's calculation of the regular rate is in error in that the denominator of the formula should be 80 hours (*i.e.*, the number of non-overtime hours in a two-week pay period (2 weeks multiplied by 40 hours per week) in accordance with 5 U.S.C. § 5504(b) (1982)). Thus, plaintiffs contend that the regular rate would be computed as follows:

$$\frac{\$451.20 \text{ (Basic Pay)} + \$100.80 \text{ (Premium Pay)}}{80 \text{ hours (two forty-hour weeks)}} = \$6.90/\text{Hour (Regular Rate)}$$

Plaintiffs contend that overtime should be at the rate of one and one-half times this hourly regular rate of $6.90/hour as follows:

$$1\frac{1}{2} \times \$6.90 \text{ (Regular Rate)} \times 36 \text{ (Overtime Hours)} = \$372.60 \text{ (Overtime Pay)}$$

Thus, the total pay for the employee would be $924.60, computed as follows:

| | |
|---|---|
| Basic Pay | $ 451.20 |
| Premium Pay | 100.80 |
| Overtime Pay | + 372.60 |
| Total Pay | $ 924.60 |

The dollar difference between plaintiffs' method and defendant's method (*i.e.*, $924.60 - 621.60 = $303.60), represents the dollar difference in the overtime computation only (*i.e.*, $372.60 - 69.00 = $303.60), and is not from any dollar difference in the basic pay or premium pay. In other words, the "regular rate" only becomes important when plaintiffs work overtime hours because in the absence of overtime, plaintiffs' method does not produce a different amount of total pay from that computed when using defendant's method (*i.e.*, basic pay is $451.20 and premium pay is $100.80 for a total pay of $552.00).

In the alternative, plaintiffs assert that the proper method of computing the "regular rate" of pay is to divide the total remuneration by the statutory average tour of duty as found in section 7(k) of the FLSA as follows:

$$\frac{\$451.20 \text{ (Reg. Pay)} + \$100.80 \text{ (Overtime Pay)}}{106 \text{ hours (Statutory Non–overtime Hours)}} = \$5.2075/\text{Hr. (Regular Rate)}$$

Using this $5.2075 per hour regular rate, overtime would be calculated as above:

$$1\frac{1}{2} \times \$5.2075 \text{ (Regular Rate)} \times 36 \text{ (Overtime Hrs.)} = \$281.21 \text{ (Overtime Pay)}$$

Thus, the total pay under plaintiffs' alternative method of computation would be $833.21, computed as follows:

| | |
|---|---|
| Basic Pay | $ 451.20 |
| Premium Pay | 100.80 |
| Overtime Pay | + 281.21 |
| Total Pay | $ 833.21 |

Here again, the dollar difference between plaintiffs' alternative method and defendant's method (*i.e.*, $833.21 - 621.00 = $212.21), represents the dollar difference in the overtime computation only (*i.e.*, $281.21 - 69.00 = $212.21), and is not from any dollar difference in the basic pay or premium pay. Again, the "regular rate" only becomes relevant when plaintiffs work overtime because in the absence of overtime, plaintiffs' method does not produce a different amount of total pay from that computed when using defendant's method (*i.e.*, basic pay is $451.20 and premium pay is $100.80 for a total pay of $552.00).

In comparing the calculations, the court notes that plaintiffs did not take issue with the numerator as used by defendant in

following OPM's method of calculating the "regular rate." The only difference in the computations is the figure in the denominator. The defendant used 144 hours (two-week Tour of Duty) and plaintiffs contended that it would be more accurate to use 80 hours (two forty-hour weeks) or, in the alternative, to use 106 hours (Statutory Non-overtime Hours) as the denominator.

■ Having reviewed the various methods of computation proposed by the parties, the court is convinced that the OPM's method of computation is both reasonable and consistent with the FLSA and the intent of Congress. The United States Court of Appeals for the Federal Circuit has so held in *Zumerling v. Devine,* 769 F.2d 745, 749 (Fed.Cir.1985). In making this determination, the court considered the cases cited by the firefighters and found that they do not support a contrary result.

In *Zumerling,* the Court was faced with the identical issue presented before this court in plaintiffs' first claim. In ruling on the merits, the Court of Appeals for the Federal Circuit noted that while, in general, the Secretary of Labor has been given the responsibility to administer the FLSA, section 4(f) of the FLSA provides that the Director of the OPM is authorized to administer the FLSA provisions with respect to any individual employed by the United States. Thus, the court concluded that the OPM had been given the power to interpret the FLSA and to set forth guidelines and policies and that by promulgating FPM Letter 551–5, the OPM had met the challenge given it by Congress. *Id.* at 753.

Having satisfied itself that the Court of Appeals for the Federal Circuit reached a correct conclusion in *Zumerling* and that plaintiffs in the instant case have failed to distinguish their case from the facts in *Zumerling,* this court is compelled to follow the conclusion reached by the Federal Circuit, *i.e.,* that the OPM's interpretation "harmonizes with the statute's origin and purpose" and is consistent with the intent of Congress. *Id.* at 750. Accordingly, defendant's Motion to Dismiss is granted and

plaintiffs' Motion for Summary Judgment is denied as to plaintiffs' first claim.

## II.

In their third and fourth claims, plaintiffs allege that because they were paid overtime compensation on an incorrect basis, they have been denied equal protection of the law in violation of the Fifth Amendment as compared to other general schedule employees of defendant. However, because the first claim has been found to be without merit and judgment on that claim has been granted in favor of defendant, plaintiffs' third and fourth claims are likewise without merit.

*Zumerling* also dealt with this exact issue. In response to appellants' identical equal protection argument in *Zumerling,* the Court of Appeals for the Federal Circuit concluded:

> Contrary to appellants' equal protection argument, the fact that the firefighters' rate is based on more hours than typically used for federal employees does not reflect discrimination. The general formula for the regular rate applies equally to all these employees. The different calculations based on this formula merely reflect the employees' different work schedules and compensations.

*Id.* at 752.

In view of the preceding discussion, Defendant's Motion to Dismiss is granted and Plaintiffs' Motion for Summary Judgment is denied as to plaintiffs' third and fourth claims.

## III.

By way of defense, defendant argued that regardless of the validity of plaintiffs' contentions, they may not recover retroactive overtime payments under the FLSA because in determining plaintiffs' hourly regular rate and overtime rate of pay, their employing agencies relied in good faith upon, and conformed with, specific written instructions issued by OPM, *i.e.,* FPM Letter 551–5, which governs the FLSA in the federal sector. Thus, defendant contended that pursuant to 29 U.S.C. § 259 (1982), defendant was not liable to plaintiffs for

any retroactive FLSA overtime pay and, absent the potential for awarding money damages to plaintiffs, this court lacked jurisdiction to hear plaintiffs' claims.

■ At the outset, the court notes that in light of the disposition of these motions, defendant's argument regarding its good faith defense under 29 U.S.C. § 259 (1982) is academic. However, without discussing the availability of this defense to the government in general, this court notes that it is unavailable to the government given the facts in the instant case.

Section 259 of Title 29, United States Code, provides, in pertinent part:

> (a) In any action or proceeding based on any act or omission on or after May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended ... if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation.... Such a defense, if established, shall be a bar to the action or proceeding.

29 U.S.C. § 259 (1982).

Although it is true that plaintiffs prevailed with respect to a limited part of its minimum wage claim in the district court and that defendant as "an employer" became "subject to liability" under the FLSA, it was not due to the manner in which defendant followed FPM Letter 551–5. Rather, it was the application of the GS–3, Step 1 basic pay to the applicable equations which did not result in payment of the minimum FLSA wages. Therefore, this defense is unavailable to defendant because it was not the reliance of FPM Letter 551–5 which resulted in liability, but rather liability was based upon the amount of salary which, when incorporated into the required equations, did not result in the required minimum wage for GS–3, Step 1 firefighters, *i.e.*, the GS grade and step level of Mark T. Jones, one of the plaintiffs in this suit.

Furthermore, in the instant case, defendant did not act "in conformity with" FPM Letter 551–5 which specifically states in Attachment 2 that "[t]he regular rate of pay at which the employee is employed shall in no event be less than the statutory minimum specified under section 6 of the FLSA." It is this non-conformity which resulted in defendant's liability in the district court and which now makes defendant's good faith defense under section 259 unavailable.

## CONCLUSION

The court concludes that there is no genuine issue as to any fact material to the question of defendant's liability to plaintiffs because of allegedly erroneous calculations of the amounts of overtime compensation due plaintiffs under the Fair Labor Standards Act. Furthermore, the court concludes that defendant is not liable to the plaintiffs for additional overtime compensation on the grounds stated, and that defendant is entitled to a judgment as a matter of law.

Accordingly, the court grants defendant's Motion to Dismiss and denies plaintiffs' Motion for Summary Judgment. The clerk of the court is directed to dismiss the Complaint. Costs to defendant.

IT IS SO ORDERED.