**Ruben S. ABUNDIS, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 22–88C.

United States Claims Court.

Sept. 13, 1988.

Thomas A. Woodley, Washington, D.C., for plaintiffs.  Gregory K. McGillivary, of counsel.

Brian A. Mizoguchi, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen, and Robert A. Reutershan, Washington, D.C., for defendant.

## OPINION

BRUGGINK, Judge.

Pending before the court is defendant's Motion To Dismiss for lack of jurisdiction, propounded under RUSCC 12(b)(1).[1] The pleadings and submissions have been considered, and for the reasons discussed below, the motion is denied.

## BACKGROUND

Ruben S. Abundis and some 575 others who have filed their written consent to be party plaintiffs in accordance with 29 U.S.C. § 216(b) are or were employed by the United States Government in engineering, technical, or related job categories at various locations. This action seeks declaratory relief, backpay, liquidated damages, interest, and attorneys' fees, pursuant to 5 U.S.C. § 5596 (1982), 28 U.S.C. §§ 1346(a)(2), 1491, 2201, 2202 (1982), and 29 U.S.C. § 216(b) (1982). The original complaint was filed on January 13, 1988. This was followed by the first-amended complaint on March 9, 1988, and the second-amended complaint on June 21, 1988. Discovery has been suspended pending the outcome of the present motion.

Plaintiffs allege that they have been unlawfully exempted from entitlement to overtime compensation under section 7(a) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a) (1982). The alleged denial of overtime pay resulted from plaintiffs' employing agencies' adherence to regulations promulgated by the Office of Personnel Management ("OPM"), the Government agency charged with administering the

FLSA with respect to federal employees. *See id.* § 204(f).

Section 7(a) provides that an employer shall compensate its "non-exempt"[2] employees at a rate not less than one and one-half times their regular rate of pay for each hour employed in excess of 40 hours per week. The 1974 Amendments to the FLSA, Pub.L. No. 93–259, 88 Stat. 55, changed the definition of "employer" to include a "public agency," thus bringing the Government within the purview of the overtime requirements. 29 U.S.C. § 203(d) (1982).

On October 25, 1983, OPM published a notice of final rules and regulations which modified criteria for determining a Federal employee's exemption status under the FLSA. 48 Fed.Reg. 49,494 (Oct. 25, 1983). The regulations purported to define those classes of employees who would be considered exempt from overtime eligibility. 5 C.F.R. pt. 551 (1986). The specific regulation relevant to the case at bar is 5 C.F.R. § 551.203(c). By its terms all employees classified at pay grades of GS–11 and above "shall be presumed to be exempt" from the overtime protections of the FLSA. *Id.* § 551.203(c) ("presumption regulation"). Agencies were permitted to request OPM to remove specific positions graded GS–11 or above from the exemption presumption. *Id.* § 551.207 (1984).

Implementation of these regulations was delayed, however, due primarily to riders on congressional appropriation bills that prevented OPM from using funds to issue the rules and due to litigation concerning these riders. *See National Treasury Employees Union v. Devine,* 733 F.2d 114, 115–116 (D.C.Cir.1984). On August 30, 1985, OPM republished the regulations for implementation and they became effective

---

1. Although one aspect of the motion relates to asserted jurisdictional defects (see p. 508 *infra*), the bulk of the motion properly lies under RUSCC 12(b)(4), "failure to state a claim upon which relief can be granted," and the court has considered the motion on that basis. The background facts are drawn primarily from the assertions of the second amended complaint, which defendant has accepted, and the court will treat, as true solely for the purposes of this

motion. Statutory and regulatory materials submitted by defendant along with its motion do not require conversion of the motion to one for summary judgment.

2. Any employee employed in a bona fide executive, administrative, or professional capacity is exempt from FLSA overtime coverage. 29 U.S.C. § 213(a) (1982).

on November 1, 1985. 50 Fed.Reg. 35,529 (1985).

Soon after the regulations took effect, their legality was challenged. In *American Fed'n of Gov't Employees v. Office of Personnel Management*, 821 F.2d 761 (D.C.Cir.1987) [hereinafter cited as *AFGE*], the U.S. Court of Appeals for the District of Columbia Circuit vacated and invalidated 5 C.F.R. § 551.203(c) along with various other OPM regulations. The court held that because the presumption regulation shifted the burden of proving exemption from the employer to the employee, it was inconsistent with the FLSA. *AFGE*, 821 F.2d at 771.

On September 18, 1987, OPM issued an Interagency Advisory Group Memorandum advising personnel directors of other federal agencies of its concurrence with the Department of Justice's decision not to seek further review of the decision of the Court of Appeals. OPM instructed the agencies to apply the detailed exemption criteria that predated the presumption regulation in determining whether employees holding positions graded at GS–11 or above should be exempted from the overtime provisions of the FLSA. *See* FPM Letter 551–7 (July 1, 1975). By an interim rule published on January 22, 1988, 53 Fed.Reg. 1739, OPM confirmed its previous advice and formally withdrew the presumption regulation.

Plaintiffs allege that they were exempted from the overtime provisions of the FLSA after November 1985 solely by operation of the presumption regulation. Further, they allege that their non-exempt FLSA status which predated the invalid regulations has not been restored, nor have they been paid any FLSA compensation for the overtime hours they have worked since November 1985.

On March 10, 1988, defendant filed the present motion, which is premised on the application of 29 U.S.C. § 259 (1982). That section protects an employer from liability if its failure to pay overtime was due to good-faith reliance on a regulation promulgated by "the Administrator of the Wage and Hour Division of the Department of Labor," even if the regulation is later invalidated. Defendant argues that plaintiffs' employing agencies relied upon OPM's regulations in denying FLSA overtime pay, and that therefore pursuant to section 259, plaintiffs are not entitled to retroactive FLSA overtime pay. Plaintiffs counter that neither the specific requirements set out in section 259, nor the general purposes of that section enable the Government, as an employer, to escape its duty to provide FLSA overtime benefits to its employees.

As an independent ground for its motion, defendant argues that this court lacks jurisdiction over the complaint because plaintiffs are seeking declaratory relief, which under these circumstances cannot be awarded by the court.

## DISCUSSION

### A. *Jurisdiction*

■ As a preliminary matter, the court rejects defendant's argument that the entire claim should be dismissed as beyond the court's jurisdiction. The primary relief requested in the instant case is retroactive overtime compensation, along with liquidated damages and attorney's fees. There is no question that this court has jurisdiction over FLSA claims for overtime compensation. *See Zumerling v. Devine*, 769 F.2d 745 (Fed.Cir.1985). The subject matter of this dispute clearly falls within the Tucker Act. *See* 28 U.S.C. § 1491(a)(1) (1982); *Parks v. United States*, 15 Cl.Ct. 183, 188 (1988); *see also United States v. Testan*, 424 U.S. 392, 397–99, 96 S.Ct. 948, 952–53, 47 L.Ed.2d 114 (1976); *United States v. King*, 395 U.S. 1, 3–4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). The defendant is correct that the Claims Court does not have general jurisdiction to grant declaratory relief; however, the court in *AFGE* has rendered the essential declaratory relief needed by plaintiffs. What remains is a claim for the payment of money over which the court does have jurisdiction. The claim for back pay is thus properly before the court. Whether plaintiffs are entitled to any further declaratory relief is a question which does not have to be addressed on the present motion.

B. *Application of Section 259*

The primary issue before the court is whether section 259 can be utilized by the Government so as to bar liability when an employing agency relies upon an invalid OPM regulation. Section 259 provides:

(a) In any action or proceeding based on any act or omission on or after May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, ... if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.

(b) The agency referred to in subsection (a) of this section shall be—

(1) in the case of the Fair Labor Standards Act of 1938, as amended—the Administrator of the Wage and Hour Division of the Department of Labor; ....

Section 259 was enacted as Section 10 of the Portal-to-Portal Act of 1947, ch. 52, 61 Stat. 84. The Court of Appeals for the Second Circuit described the purpose of the statute as the shielding from liability of employers who took certain actions on the basis of an interpretation of the law by a government agency, even if the agency's interpretation later turned out to be wrong. *Equal Employment Opportunity Comm'n v. Home Ins. Co.*, 672 F.2d 252 (2d Cir.1982), *on remand* 553 F.Supp. 704 (1982). Moreover, the good faith reliance provision of section 259 was designed to insure that no employer who acted in good faith in accordance with a regulation or ruling propounded by the specified government agency would be held liable for his actions if the regulation or ruling was later invalidated. *Martinez v. Phillips Petroleum Co.*, 283 F.Supp. 514 (E.D.Idaho 1968), *aff'd*, 424 F.2d 547 (9th Cir.1970); *see also, Wheeler v. United States*, 9 Cl.Ct. 579 (1986).[3] When the FLSA was amended in 1974 to bring federal employees within the coverage of the law, section 259 was not amended to specifically name the Civil Service Commission ("CSC").

In order for section 259 to apply, an employer must establish three things: (1) that its action was taken in reliance on a ruling of the Administrator, (2) that its action was in conformity with that ruling, and (3) that the action was taken in good faith. *EEOC v. Home Ins. Co.*, 672 F.2d 252, 263 (2d Cir.1982). While plaintiffs do not question that defendant satisfies the second requirement, they do assert that the section is otherwise inapplicable. They argue that the regulations in question were not adopted by "the Administrator," that application to the Government is inconsistent with Congress' purpose in adopting section 259, and that circumstances attending adoption of the regulations establishes that the agencies involved did not act in good faith.

The court notes at the outset that the question of whether section 259 applies to defendant has not yet been squarely addressed in previous cases. While section 259 was discussed in *Beebe v. United States*, 226 Ct.Cl. 308, 640 F.2d 1283 (1981), the Court of Claims assumed, solely for the purposes of that decision, that section 259 was applicable to regulations issued by the CSC, but then rejected the defense on other

---

3. In *Wheeler,* the good faith defense under section 259 was not available to the Government where federal firefighters alleged that their regular and overtime rates of pay were erroneously computed. The court held that because the Government did not act in conformity with FPM Letter 551–5, Section 259 was not available as a defense. *Wheeler v. United States,* 9 Cl.Ct. at 585.

grounds. *Beebe v. United States,* 226 Ct.Cl. at 325–27, 640 F.2d at 1293–94.[4]

■ The initial question which must be answered is whether the presumption regulation was promulgated by "the Administrator". The statute is explicit in requiring that the regulation relied upon be one issued by the "Administrator of the Wage and Hour Division of the Department of Labor." There is no question that did not occur in this case. The presumption regulation was issued by OPM, not by the Department of Labor. Defendant recognizes that OPM and the Administrator are separate and distinct entities, but argues that for purposes of section 259, they should be interchangeable. Defendant relies primarily on 29 U.S.C. § 204(f) which provides that "[OPM] is authorized to administer the provisions of [the FLSA] with respect to any individual employed by the United States."

Defendant is certainly correct that the Civil Service Commission ("CSC") possessed (and thus OPM now possesses) the authority to "administer" the FLSA with respect to the Federal Government. *See Civilian Aircraft Pilots,* B–203128, Jan. 4, 1982, 61 Comp.Gen. 191. The legislative history of the 1974 Amendment demonstrates Congress' intention to give OPM a significant amount of authority to determine how the FLSA will be administered in the federal sector.[5]

It is also plain that OPM has authority to adopt regulations consistent with its substantive powers. 5 U.S.C. § 1103(a)(5) (1982); 5 C.F.R. § 5.1 (1988). Moreover, the agency's interpretation of regulations has been upheld with respect to overtime wage calculations on several occasions. In *Zumerling,* 769 F.2d 745, the court held that OPM had been given the power to set forth guidelines and policies and had done so by promulgating FPM Letter 551–5. Additionally, the court in *AFGE* held it reasonable to conclude that "Congress contemplated OPM would exercise its administrative authority by engaging in the common agency practice of issuing substantive rules." *AFGE,* 821 F.2d at 770; *see also Beebe,* 226 Ct.Cl. 308, 640 F.2d 1283; *Wheeler,* 9 Cl.Ct. 579. OPM's adoption of the presumption regulation was thus a valid exercise of its authority and was binding on the agencies in question. *See Hammond v. Lenfest,* 398 F.2d 705, 715 (2d Cir.1968) (a validly promulgated regulation binds the government as much as the individuals subject to the regulation); *see also Scarmato v. Northern Cal. Thrift Co.,* 184 F.Supp. 420 (N.D.Cal.1960); *Bernick v. Coddon,* 65 F.Supp. 89 (D.Minn.1946).

---

**4.** The court held that because the defendant was aware of grievances filed by the union with respect to the regulation in question, and was aware that plaintiffs had appealed the issue to the Civil Service Commission, the defendant was put on notice to inquire whether its reliance on the regulation was justified. Since defendant applied the regulation without such inquiry, the good-faith element of the section 259 defense was not satisfied. *Beebe,* 226 Ct.Cl. at 326, 640 F.2d at 1294. To like effect is *Wheeler v. United States,* 9 Cl.Ct. 579, 585 (1986).

**5.** 120 Cong. Rec. 7,335; *see also AFGE,* 821 F.2d at 770. Prior to 1974, federal employees' overtime entitlements were governed by statutes administered by the predecessor of OPM, the CSC. *AFGE,* 821 F.2d at 769. In 1974, Congress broadened the FLSA to include federal employees. Pub.L. No. 93–259, 88 Stat. 55 (pertinent part codified at 29 U.S.C. § 203(e)(2)(A) (1982)). This was done notwithstanding the CSC's objection that existing civil service overtime laws were adequate, and thus FLSA coverage would confuse administration of the two separate overtime provisions. *AFGE,* 821 F.2d at 761. *See* Fair Labor Standards Amendments of 1974, H.R. Rep. 913, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Admin.News 2811 [hereinafter House Report].

Congress resolved this matter by specifically authorizing the CSC to "administer the provisions [of FLSA] with respect to any individual employed by the United States." 29 U.S.C. § 204(f); *see AFGE,* 821 F.2d at 769. As further stated in the House Report:

It is the intent of the committee that the Commission will administer the provisions of the law in such a manner as to assure consistency with the meaning, scope and application established by the rulings, regulations, interpretations, and opinions of the Secretary of Labor which are applicable in other sectors of the economy. The provisions of the bill would leave the premium pay provisions of Title 5, United States Code, in effect to the extent they are not inconsistent with the Fair Labor Standards Act.

House Report, *supra, reprinted in* 1974 U.S.Code Cong. & Admin. News at 2837–38.

The flaw in defendant's argument, however, lies in the fact that notwithstanding OPM's authority to "administer" the FLSA with respect to federal agencies, it is still not "the Administrator of the Wage and Hour Division of the Department of Labor." The exception created by section 259 is very precise. It is limited to circumstances in which regulations are adopted by "the Administrator," the office created in 29 U.S.C. § 204(a). To apply the statute to a regulation issued by OPM, an agency not referred to, would be to extend the exception beyond its scope. It is fundamental in statutory interpretation that where the manner of a statute's performance and the persons to which it refers are designated, omissions should generally be construed as exclusions. *See Public Serv. Co. v. Federal Energy Regulatory Comm'n,* 754 F.2d 1555, 1567 (10th Cir. 1985), *cert. denied,* 474 U.S. 1081, 106 S.Ct. 849, 88 L.Ed.2d 890 (1986); *United States v. Jones,* 567 F.2d 965, 967 (10th Cir.1977); *see also Horner v. Andrzjewski,* 811 F.2d 571 (Fed.Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 257, 98 L.Ed.2d 215 (1987). As the Court of Appeals for the Ninth Circuit held, "where a statute names the parties who come within its provisions, other unnamed parties are excluded." *Foxgord v. Hischemoeller,* 820 F.2d 1030, 1035 (9th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 503, 98 L.Ed.2d 502 (1987); *see also* 2A Singer, Sutherland Statutory Construction § 47.23, at 194 (Sands 4th ed. 1984).

The Court of Appeals for the Federal Circuit has recently reemphasized that, when interpreting a statute, one must look first to the language of the statute itself. If the statutory language is unambiguous, the inquiry stops, unless there is a clearly expressed legislative intention contrary to the language of the statute itself. *Simko Constr., Inc. v. United States,* 852 F.2d 540, 542 (Fed. Cir.1988); *see also Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981); *LSI Computer Sys., Inc. v. United States Int'l Trade Comm'n,* 832 F.2d 588 (Fed.Cir.

1987). As the Court of Claims has held, "this court will not bend or strain the words of a statute to change its meaning unless there is a persuasive and clear showing that Congress did not intend for the letter of the statute to prevail." *Ocean Drilling and Exploration Co. v. United States,* 600 F.2d 1343, 1348, 220 Ct.Cl. 395 (1979).

The Government's reliance on the last sentence of 29 U.S.C. § 204(f) to show a contrary intent is unpersuasive. That section provides, in relevant part, as follows (emphasis added):

> Notwithstanding any other provision of this chapter, or any other law, the Civil Service Commission is authorized to administer the provisions of this chapter with respect to any individual employed by the United States (other than an individual employed in the Library of Congress, United States Postal Service, Postal Rate Commission, or the Tennessee Valley Authority). *Nothing in this subsection shall be construed to affect the right of an employee to bring an action for unpaid minimum wages, or unpaid overtime compensation, and liquidated damages under section 216(b) of this title.*

Defendant focuses on the last sentence and argues that the defense contained in section 259 was therefore meant to apply to federal employers. The least strained reading of that sentence, however, particularly in light of the legislative discussion surrounding extension of the FLSA to federal employees,[6] is that Congress had in mind *protecting* employees by that proviso, not limiting their rights. More importantly, however, defendant's argument is faulty in that it assumes defendant's ultimate conclusion—that section 259 is a limitation on the rights of federal employees. Defendant would have to first independently establish that from the language of the section itself, or clear legislative history. It has not done so.

---

6. *See* House Report, *supra* note 5, *reprinted in* 1974 U.S.Code Cong. & Admin.News at 2812–13, 2837–38.

Limiting the application of section 259 to regulations issued by the Administrator appears to be more consistent with the intended operation of section 259. Unlike the private sector, to which section 259 was drafted to apply, in the public sector there is no legal dichotomy between the regulator and the employer. When actions are brought in this court pursuant to 28 U.S.C. § 1491(a)(1), there is only one defendant—the Federal Government. RUSCC 10(a) ("the United States shall be designated as the defendant in every case"). Moreover, as this court held in another context, "OPM —the counterpart to the Department of Labor in federal sector cases—is part of the employing entity itself." *Hickman v. United States*, 10 Cl.Ct. 550, 554 (1986). This required party configuration is inconsistent with section 259, which contemplates a separation between employer and regulator. When the Government is the employer, the regulations both originate from and apply to the same entity. As held in *EEOC v. Home Ins. Co.*, 672 F.2d 252, "the Portal Act was not intended to allow an employer to insulate itself from liability for the consequences of its own improvident interpretation of the statute." *Id.* at 266. Application of section 259 to public sector employers would effectively insulate the Government from all liability arising from faulty OPM regulations. OPM would have the power to adopt regulations which are subsequently found to be improper, and yet no liability would attach because the regulation was actually implemented by other agencies. The regulation, although improper, would have been effective nonetheless, albeit temporarily.[7]

■ Plaintiffs have alternatively asserted that assuming, arguendo, section 259 does apply to the government, defendant has failed to satisfy the third element of the defense—good faith. Because the court has concluded that the section 259 defense is not available, it is unnecessary to consider this contention. Nevertheless, this element further illustrates why the section 259 defense is inapplicable. It cannot be reconciled with the fact that in the case of a claim against the Federal Government, the same legal entity is both adopting the regulation and applying it. The test of an employer's good faith in relying upon an administrative order or regulation is "whether he acted as a reasonably prudent man would have acted under similar circumstances." *Kam Koon Wan v. E.E. Black, Ltd.*, 188 F.2d 558, 562 (9th Cir.), *cert. denied*, 342 U.S. 826, 72 S.Ct. 49, 96 L.Ed. 625 (1951); 29 C.F.R. § 790.15 (1979). Application of this test clearly presumes some degree of discretion on the part of the employer in whether to apply the regulation. In the private sector, an employer has the option of disregarding a potentially invalid regulation if it is concerned that violations of the FLSA may result. As a practical matter, for a private employer, regulations of the Administrator set minimum requirements. If an employer chooses to pay overtime compensation to an employee despite a regulation declaring that the employee or some type or amount of labor is exempt, it has discretion to do so. A federal agency has no choice, however, but to deny an employee overtime if directed to do so by OPM; it cannot ignore an OPM regulation. See discussion *supra* p. 510. Since the agencies had no choice but to adhere to the regulations, the concept of good faith is a nullity.[8]

---

**7.** During oral argument, defendant raised the point that consideration was given prior to adoption of the 1974 amendments to having the Department of Labor administer the FLSA in the federal sector. *See supra* note 5. The point being that if that had occurred, it would then be obvious that section 259 was applicable, despite the fact that both regulator and employing agency were part of the same Government. The short answer to defendant's contention is that the Department of Labor was not given this role. The court today is faced with a statute that cannot be said to literally apply under the present circumstances. Moreover, the court's

discussion concerning the apparent inappropriateness of having the regulator take advantage of the defense is merely to aid in determining Congressional intent. Furthermore, the court notes that the role of OPM is, within the federal sector, distinctly managerial, unlike the Department of Labor.

**8.** An agency's ability to seek a presumption regulation exception from OPM for a particular job does not give meaning to the good faith concept. Defendant contends that the "employer" within the meaning of the section is the employing agency, and not the federal Government as a

Contrary to defendant's argument, the term Administrator, as used in the context of section 259, is not ambiguous. It refers specifically to the office created in 29 U.S.C. § 204(a). That entity is not OPM. The court has not been referred to any clearly expressed legislative intention contrary to the specific language of the statute. The defendant therefore cannot rely on section 259 because the regulations were not issued by the Administrator.

## CONCLUSION

The good-faith exception of 29 U.S.C. § 259 is unavailable to defendant in this action. Defendant's Motion To Dismiss is denied. The stay of discovery is lifted. Defendant is directed to file its response to plaintiffs' pending motion for partial summary judgment on or before October 12, 1988.

It is so ORDERED.

whole, and not OPM. Under defendant's approach, if an issue arose at the agency level about the validity of a regulation, OPM's refusal to create an exception would not prevent application of section 259. The employing agency's "good faith" would preclude an award of back pay. The net result is that the entity that has the real responsibility for deciding whether to enforce the regulation, OPM, would never be subject to evaluation of its good faith.