**Rex CAMPBELL, et al., Plaintiffs,**

v.

**UNITED STATES AIR FORCE, et al., Defendants.**

**No. CV–F–90–400.**

United States District Court, E.D. California.

Dec. 18, 1990.

Rex Campbell, in pro. per.

Mark E. Cullers, Asst. U.S. Atty., Fresno, Cal., for defendants.

## DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

COYLE, Chief Judge.

On October 29, 1990 the court heard Motion to Dismiss or, In the Alternative, Motion for Summary Judgment by defendants United States Air Force and Edwards Air Force Base, CA. Upon due consideration of the written and oral arguments of the parties, the court now enters its order granting the motion as set forth herein.

## I. BACKGROUND

Plaintiffs in this case are air traffic controllers at Edwards Air Force Base. Prior to May 24, 1988 plaintiffs' positions were classified as GS–301–11, Mission Controllers. On May 24, 1988 plaintiffs filed with the Office of Personnel Management ("OPM") a classification appeal, requesting that their positions be reclassified as GS–2152–12, Air Traffic Controllers. Following an analysis of plaintiffs' duties, plaintiffs' positions were reclassified on July 11, 1988 as GS–2152–12, Air Traffic Control Specialists. The positions were also identified as exempt from the Fair Labor Standards Act ("FLSA") overtime provisions. The classification was again reviewed in June of 1989. By letter dated July 7, 1989, Ms. Jo Ann Barnicki, Principal Classifier, Civilian Personnel at Edwards Air Force Base, determined that the positions should remain exempt.

This Complaint focuses on the identification of plaintiffs' positions as exempt from the overtime provisions of the FLSA.[1] Section 207 of Title 29 of the United States Code provides as follows:

(a) (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

Section 213 provides that the above provision shall not apply to "any employee employed in a bona fide executive, administrative, or professional capacity, ... or in the capacity of outside salesman."

The plaintiffs contend that they do not perform any administrative duties, but only technical work. The plaintiffs accordingly assert that they should not be exempt from the overtime provisions of the FLSA. The plaintiffs request that the court order the Department of the Air Force to reclassify the GS–2152 Air Traffic Controllers at Edwards Air Force Base as nonexempt from the overtime provisions of the FLSA. In addition, plaintiffs request that they be awarded back pay from June 1987 to the present.

Defendants move to dismiss the complaint or, in the alternative, for summary judgment on three grounds. First, defendants argue that this court lacks subject matter jurisdiction to hear the case. Second, defendants contend that, even if this court has jurisdiction, plaintiffs' claims for back pay are limited by a statute of limitations to those which accrued within two years of the filing of the complaint. Finally, defendants assert they are protected by a good-faith defense codified at 29 U.S.C. section 259.

---

**1.** The FLSA is codified at 29 U.S.C. §§ 201–219.

## II. JURISDICTION
### A. JURISDICTIONAL BASIS

■ Defendants first argue that the court lacks jurisdiction to hear the instant case because plaintiffs failed to assert any jurisdictional basis for the action. Plaintiffs agree that they have failed to comply with the pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure in that the face of the complaint does not assert a jurisdictional basis. Plaintiffs request the court to grant leave to amend the complaint to cite 28 U.S.C. sections 1331 and 1346(a)(2) as the bases for this court's jurisdiction over the instant action.

Rule 15(a) provides that after a party has amended a pleading once as of course, which the plaintiffs in the instant case have done, a party may amend only by obtaining leave of the court or if the adverse party consents to it. The rule states that "leave shall be freely given when justice so requires." The Supreme Court enunciated the following standard to be employed to determine whether leave to amend should be granted:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Plaintiffs' request for leave to amend their complaint to allege a jurisdictional basis is denied. The court recognizes that it has jurisdiction over plaintiffs' claims under the FLSA. 29 U.S.C. § 216(b). Nevertheless, when a complaint as amended could not withstand a motion to dismiss, the amendment should be denied as futile. *Foman, supra; Pan–Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 545 (5th Cir.), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1980). Because the court grants defendants' motion for sum-

mary judgment as set forth herein, amendment of the complaint would be futile.

### B. $10,000 LIMIT

■ Defendants next argue that, even if this court were to allow plaintiffs to amend their complaint to assert some jurisdictional basis, the court would still lack jurisdiction over any claim in excess of $10,000. Defendants rely on 28 U.S.C. section 1346(a)(2), which provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction concurrent with the United States Claims Court, of:
>
> .  .  .  .  .
>
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department ...

The U.S. Claims Court has exclusive jurisdiction over claims against the United States that exceed $10,000.

Defendants are correct in asserting that this court has jurisdiction to hear claims for money awards not exceeding $10,000. In response, the plaintiffs waive any recovery amount in excess of $10,000 for each plaintiff in this action. Such a waiver is permitted. *Zumerling v. Devine,* 769 F.2d 745, 748 (Fed.Cir.1985); *U.S. v. Johnson,* 153 F.2d 846, 848 (9th Cir.1946).

## III. STATUTE OF LIMITATIONS

■ Defendants next argue that, even if the court has jurisdiction, plaintiffs' claims are limited by 29 U.S.C. sections 255 and 256 to those that accrued within two years of the filing of the complaint.

Section 255 provides that any action commenced on or after May 14, 1947 to enforce a cause of action for, *inter alia,* unpaid overtime compensation under the FLSA must be commenced within two years after the cause of action accrued. Section 255 also provides for a three year limitation period for actions arising out of willful violations of the FLSA.

An action brought pursuant to the FLSA and after May 14, 1947 is deemed commenced upon the filing of the complaint. 29 U.S.C. § 256. California courts have never held as to when a cause of action for overtime compensation accrues. However, other courts have found that such a cause of action accrues at each regular payday immediately following the work period during which services were rendered and for which the overtime compensation is claimed. *Mitchell v. Lancaster Milk Co.*, 185 F.Supp. 66, 70 (M.D.Pa.1960); *Shandelman v. Schuman*, 92 F.Supp. 334, 335 (E.D.Pa.1950); *Bingham v. Advance Industrial Security, Inc.*, 138 Ga.App. 875, 228 S.E.2d 1 (Ga.App.1976).

Plaintiffs argue in opposition that the three year statute of limitations applies in the instant case because defendants' classification of plaintiffs' positions as exempt from the FLSA overtime provisions was a willful violation of that statute. Consequently, plaintiffs argue that they are entitled to claim unpaid overtime compensation for three years preceding the filing of the complaint.

Pursuant to the standard of willfulness adopted by the Supreme Court of the United States, the three-year limitations period will apply if the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135, 108 S.Ct. 1677, 1682, 100 L.Ed.2d 115 (1988).

In the instant case, plaintiffs have failed to allege that defendants knew or recklessly disregarded the fact that defendants erroneously classified plaintiffs' positions as exempt from the overtime provisions of the FLSA. Accordingly, plaintiffs claims for recovery of unpaid overtime are limited to those that accrued two years prior to the filing of this action.

## IV. SECTION 259 DEFENSE

Defendants assert that they are entitled to summary judgment based on the good faith defense set forth in 29 U.S.C. section 259, which provides in pertinent part as follows:

[N]o employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay ... overtime compensation ... if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administration practice or enforcement policy of such agency.... Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect.

29 U.S.C. § 259(a). Subsection (b) of section 259 identifies the appropriate agency referred to in subsection (a) in the case of a FLSA violation as the Administrator of the Wage and Hour Division of the Department of Labor.

## A. APPLICABILITY TO FEDERAL EMPLOYER

The first issue to address is whether a government agency, as opposed to a private employer, may invoke the protection of section 259. When section 259 was added to the FLSA as part of the Portal to Portal Act of 1947, the federal government was not covered by the statute's overtime provisions. The Administrator of the Wage and Hour Division was charged with ensuring private employer compliance with the provisions of the FLSA. Consequently, when section 259 was added to the statutory scheme, it only made reference to the Administrator.

In 1974, the FLSA was amended to apply with equal force to the federal government in its capacity as employer. At that time, authority to oversee government employer's compliance with the overtime provisions of the FLSA was vested in the Civil Service Commission. The Commission's authority was later transferred to the Of-

fice of Personnel Management ("OPM"). At the time Congress passed the 1974 amendments, it did not amend section 259 to specifically refer to the Civil Service Commission.

Only two cases have addressed the issue of whether the federal government may seek the protection of section 259. Unfortunately, the holdings of the two cases are in opposition. In *Abundis v. United States*, 15 Cl.Ct. 506 (1988), *petition for interlocutory review denied*, 878 F.2d 1443 (Fed.Cir.1989), the United States Claims Court found that a government agency could not rely on the provisions of section 259 as a defense to an action based on the FLSA because that section precluded liability for good faith reliance on regulations issued only by the Administrator of the Wage and Hour Division, not by the OPM. In *Palardy v. Horner*, 711 F.Supp. 667 (D.Mass.1989), however, the court expressly rejected the holding in *Abundis* and found that section 259 provides protection to federal agencies to the same extent it does to private employers.

The parties have agreed to follow *Palardy*. Consequently, the court will apply section 259 to the facts of the instant case, although the court need not decide whether section 259 is applicable to the federal government.

## B. APPLICATION IN THIS CASE

■ To prevail on a section 259 defense, an employer must establish the following: (1) that its action was taken in reliance on a ruling of the Administrator, (2) that it was in conformity with that ruling, and (3) that it was in good faith. *Equal Employment Opportunity Commission v. Home Ins. Co.*, 672 F.2d 252, 263 (2d Cir.1982). Plaintiffs argue that the facts and holding in *Palardy* indicate that, in the instant case, the federal government is not entitled to the defense. Defendants, on the other hand, argue that *Palardy* is distinguishable.

In *Palardy*, the plaintiffs were challenging the Navy as to their exempt status for overtime. In 1985, the OPM had finalized a regulation that established a rebuttable presumption that any government employee classified at GS–11 or higher was exempt from the overtime provisions of the FLSA. In accordance with this regulation, the plaintiffs in *Palardy* were reclassified as exempt. *Palardy, supra,* 711 F.Supp. at 671.

The rebuttable presumption was later declared invalid by the Court of Appeals for the District of Columbia. Rather than reclassify plaintiffs as nonexempt immediately after the presumption regulation was invalidated, the Navy decided to retain plaintiffs' classification as exempt, pending a case-by-case review of all affected positions. After the review, all but one of the plaintiffs were determined to be exempt.

The court found that the decision to retain plaintiffs' classifications as exempt was not entitled to the section 259 defense. The court reasoned that that decision was made by the Navy based on its own interpretation of the FLSA, not in reliance on any OPM regulation. *Id.* at 673.

In the instant case, the court finds that defendants are entitled to summary judgment based on the section 259 defense. First, the classification of plaintiffs' positions as exempt was made in reliance on OPM regulations. Plaintiffs, in May or June of 1988, requested that their position descriptions be rewritten because they did not contain all of their duties. In that same month, the positions were audited in accordance with federal classification standards published by OPM. The positions were reclassified, but remained exempt from FLSA overtime provisions. The classifications were again reviewed in July of 1989 and were again determined to be exempt positions based on regulations promulgated by OPM. Plaintiffs' sole reliance on *Palardy* is misplaced in that the case is factually distinct.

Second, for the reasons set forth in the court's Order Re Plaintiffs' Motion for Summary Judgment, dated December 14, 1990, the court finds that the identification of plaintiffs' positions as exempt was in conformity with OPM regulations.

Third, the documents submitted by defendants indicate that their decision to classify plaintiffs as exempt was made in good faith. The classifier relied on the language of OPM regulations and applied that language to plaintiffs' duties as set forth in their position description. There is no indication that defendants made their determination in bad faith.

ACCORDINGLY, IT IS ORDERED that defendants' Motion for Summary Judgment is granted to the extent plaintiffs seek unpaid overtime compensation.